**Ex parte Benedict R. LINDEMAN.**

No. 17426.

Court of Civil Appeals of Texas,
Fort Worth.

March 23, 1973.

Paul H. Brunette, Wichita Falls, for appellant.

Guy H. McNeely, Wichita Falls, for appellee.

## OPINION ON ORIGINAL WRIT OF HABEAS CORPUS

LANGDON, Justice.

This habeas corpus proceeding was brought by Benedict R. Lindeman after the

District Judge held him in contempt, fined him $200.00, and committed him to jail for four days, there to remain until he purged himself of contempt by paying $195.00, which the court found was the amount he was in arrears under a child support order.

The question presented is whether or not the terms of the child support order are definite and certain enough to be enforced by contempt. Our opinion is that the judgment and order of the court is definite and certain.

Elizabeth A. Lindeman was granted a divorce from Benedict R. Lindeman on March 25, 1966. She was awarded the custody of the four (4) minor children and the petitioner herein was ordered to pay child support. The provisions of the judgment concerning child support read as follows: "The said Defendant shall pay to the Wichita County Probation Office the sum of $32.50 per week for the support of the minor children of the parties, until each attain the age of eighteen years, and pay the sum of $12.00 per year in advance for a child support service fee. The first child support payment to be made on or before the 4th day of April, 1966, and a like sum on or before each Monday thereafter until said children attain the age of eighteen years."

On July 2, 1972, the petitioner's eldest son, Michael, became eighteen (18) years of age. The petitioner interpreted the child support provision of the above decree to allow him to reduce his child support payments by $32.50 per week each time one of the four children became eighteen years of age. Thereafter on July 2, 1972, when Michael became eighteen years of age the petitioner on his own initiative, without any resort to the trial court, arbitrarily reduced the child support payments he was ordered to pay by the District Court. Ordinarily in cases involving custody and child support cases, the best interest of the child or children is the primary concern.

It must be said that the decree in question was sufficiently certain as long as all four of the children were less than eighteen years of age. When Michael became eighteen years of age this did not mean that each of the children was eighteen. Only Michael was eighteen. When the next oldest child, and so on down the line, reaches eighteen, it cannot be said that each of the children is eighteen. Under the decree the sum of $32.50 per week shall be paid for the support of the minor children of the parties until each attains the age of eighteen years.

The trial judge in divorce cases is frequently confronted with situations in which the needs of children regarding their expenses for food, clothing, housing, medicine, and educational expenses are greater than the resources available to pay for such needs. The trial judge in such cases must provide some way to balance these matters. He often does it by providing for child support payments in gross and not per child. In the case at bar, there is no way that $32.50 per week would cover a fourth, much less one-half, of the average necessary expenses for the number of children involved.

We find and hold that the provisions of the support order are definite and certain enough to be enforced by contempt.

In the event we are found to be in error in holding as we do, it is suggested that the trial court, on proper application, may revise the child support provisions here involved in such a way as to make up for the needs of the children.

The language of the support order in this case is not equivocal. It is readily understandable and is enforceable. We are of the opinion that Ex parte Slavin, 412 S.W. 2d 43 (Tex.Sup., 1967) has no application to the facts of this case, and that the holding in Garza v. Fleming, 323 S.W.2d 152 (San Antonio Civ.App., 1959, writ ref., n. r. e.) applies because here it is clear that the petitioner is required to pay until each one of his children becomes eighteen years of age.

The petition for writ of habeas corpus is denied.