**Max A. FRIEDMAN, Appellant,**

v.

**Deanna FRIEDMAN, Appellee.**

**No. 1112.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 19, 1975.

Herbert N. Lackshin, Tita, Lackshin & Nathan, Houston, for appellant.

Russell H. McMains, Dan G. Matthews, Fulbright & Jaworski, Houston, for appellee.

TUNKS, Chief Justice.

This is a divorce case.

After a non-jury trial, the trial court rendered judgment awarding the appellee wife a divorce, designating the wife as

managing conservator of the children of the marriage, dividing the community estate in accordance with an agreement of the parties, and fixing the amount of child support to be paid by the husband.

Three children were born of the marriage. They are two sons born in 1961 and in 1964 and a daughter born in 1966. The judgment orders the husband to pay $1100 per month child support until the oldest child becomes 18, at which time the payment is reduced to $900 per month until the middle child becomes 18, at which latter time the payment is reduced to $600 per month until the youngest child becomes 18. He was also ordered to maintain a health insurance policy and to pay all medical and dental expenses incurred by treatment of the children.

All of the points of error presented by the appellant husband relate to that portion of the trial court's judgment fixing the amount of child support which he is obligated to pay.

The appellant's complaints as to support payments ordered are primarily based upon the contention that the evidence does not legally or factually support a conclusion that the amount of money ordered to be paid is necessary for support of the children. He also contends that the trial court erred in not making greater reductions in the payments when each of the two older children become 18 years of age. Finally, he contends that the trial court disregarded Section 3a of Article I of the Texas Constitution, Vernon's Ann.St. and Section 4.-02 of the Texas Family Code, V.T.C.A., in placing on him all of the burden of financial support of the children.

Mrs. Friedman testified that she needed $2,000 a month to support the children. She was asked to itemize these expenses of maintenance. The items she named added up to only $1009 a month. She insisted that before the trial she had listed the items of such expenses and they amounted to $2,000 a month. She apparently could not, under the pressure of testifying, remember all of the items she had previously listed.

The parties had agreed to a temporary order fixing the amount to be paid by the husband during the pendency of the case as temporary alimony and child support. Under that order the husband was to pay $600 a month in cash and certain expenses. The total payments under that temporary order amounted to slightly over $1000 per month. Mrs. Friedman testified that the money paid her under that temporary order was not sufficient. During the twelve months that the case was pending, she had spent about $9,000 from her savings in payment of the living expenses of herself and the children.

Mr. Friedman testified that $600 a month was more than adequate for the support of the children. He said that while he was living at home he gave his wife an allowance for household expenses of $600 a month out of which she was able to save $100 a month.

Mrs. Friedman is a college graduate. She testified that she had worked at several jobs before her marriage but that she did not feel that she would now be able to obtain gainful employment.

Mr. Friedman is in the business of property management. He is the owner of interests in income producing real property, such as apartment projects, which realty were awarded to him in the division of the community estate. The community estate and the value of that portion awarded to each party is quite substantial. Mr. Friedman's income is such that he does not even argue that he is unable to pay the amount of child support awarded to his wife by the trial court.

The trial court made and filed findings of fact, including the following: "The amount of money needed by Mrs. Friedman from Mr. Friedman for the support and maintenance of the parties' minor children is as follows: . . . ." Following

the quoted portion of the findings the declining amounts above noted are listed. We hold that the evidence was legally and factually sufficient to support that finding.

 An appellate court in reviewing an award of child support is not authorized to alter the trial court's findings unless there is a showing of a clear abuse of discretion. Anderson v. Anderson, 503 S.W. 2d 124, 126 (Tex.Civ.App.—Corpus Christi 1973, no writ); White v. White, 503 S.W. 2d 401, 403 (Tex.Civ.App.—Amarillo 1973, no writ). This Court will not change the amount of support merely because we might have set it a little higher or a little lower than did the trial court. Rather, we ". . . must indulge every reasonable presumption, consistent with the record, in favor of the judgment." Brito v. Brito, 346 S.W.2d 133 (Tex.Civ.App.—El Paso 1961, writ ref'd n.r.e.).

Appellant also contends that the trial court's judgment reducing his child support payments by only $200 when the oldest child reaches age eighteen and by only $300 when the middle child reaches age eighteen is not supported by the evidence and constitutes an abuse of the trial court's discretion.

 Appellant argues that where the child support award is stated as a lump sum, there should be a proportionate reduction as each child reaches age eighteen. We disagree. The trial court's broad discretion in determining the amount of child support which a parent is required to pay also extends to determining the amount by which such support should be reduced upon one of several children reaching age eighteen. There is no requirement that the trial court apply any fixed formula for reducing support upon one child reaching majority.

 In Beaird v. Beaird, 380 S.W.2d 730, 732 (Tex.Civ.App.—Dallas 1964, no writ), where one of the parties' two children became 18, the Court said:

The very fact that one child reaches the age of eighteen, and the appellant is thereby no longer legally required to contribute to his support, does not automatically reduce the child support payments by one-half, as contended by appellant.

It would be wrong to assume, as appellant apparently does, that two children cost only two-thirds as much to support as three, or that one child costs only half as much as two. There are certain fixed costs involved in supporting children which appellee must bear until her youngest child reaches age eighteen. The trial court was entitled to take these costs into consideration in determining the reduction of child support. Hence, it was not an abuse of discretion for the trial court to order the reduction of appellant's child support payments to $900 a month when the oldest child reaches age eighteen, and to $600 a month when the middle child reaches age eighteen.

Finally, the appellant contends that the trial court's judgment, insofar as it orders him to pay the stated amounts for child support, should be reversed because it is contrary to the policy enunciated in the Texas Constitution and in the Texas Family Code.

 Tex.Family Code Ann. § 4.02 (1975) provides that "[e]ach spouse has the duty to support his or her minor children." Tex.Const. art. I, § 3a provides that "[e]quality under the law shall not be denied or abridged because of sex . . . ." In Cooper v. Cooper, 513 S.W.2d 229, 234 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ), the Court said:

If "equality under the law shall not be denied or abridged because of sex", it must be presumed that the legislature intended that the duty of the spouse[s] to support their minor children is equal. This does not mean, however, that the court must divide the burden of support of the minor children equally between

the parties. The court's order . . . should reflect a due consideration of the respective abilities of the spouses to contribute.

Section 4.02 of the Family Code does not require that the parents make mathematically equal contributions for the support of their children. It only provides that each parent has the equal obligation, in accordance with his or her ability, to contribute money or services which are necessary for the support and maintenance of his or her children. Sampson, The Texas Equal Rights Amendment and the Family Code: Litigation Ahead, 5 Tex.Tech L.Rev. 631, 636–37 (1974).

██ The basic error in appellant's argument in this respect is his assumption that the above quoted finding of fact means that his payment of the stated amounts of money constitutes a full discharge of his duty to support his minor children. That is not necessarily what the court's finding means. It may be construed as meaning that, with appellee furnishing the services of caring for, supervising and maintaining the children she needs contributions from appellant in money in the stated amounts to maintain the children in the station of life to which they are entitled in view of the financial capacity of their parents. The court's finding does not necessarily mean that the stated amounts of money to be paid by the husband represent all of the money that is needed for the children's maintenance. The appellee testified that she needed $2000 a month for the support of the children. It is true that she was unable to itemize necessary expenses amounting to that sum, but she insisted that she had formerly itemized expenses that totaled $2000 per month. Besides, the court was not bound to accept her testimony as to the amount needed to maintain the children in their station of life. The court, itself, had the authority and duty to make such support orders as was for the best interests of the children. Dennis v. Dennis, 512 S.W.2d 699 (Tex.Civ.App.—Tyler 1974, no writ); Tex.Family Code Ann. §

14.07 (1975). The trial court's judgment as to the amount of child support to be paid by the husband was well within the limits of its discretion under the facts of this case. That order did not constitute reversible error as being in violation of the policy as to equal duty of support as expressed in Article I, Section 3a of the Texas Constitution and in Section 4.02 of the Texas Family Code.

The judgment of the trial court is affirmed.