**L. D. HOPKINS et al., Appellants,**

v.

**Shirley Ann HOPKINS, Appellee.**

**No. 17742.**

Court of Civil Appeals of Texas, Fort Worth.

July 1, 1976.

Rehearing Denied Aug. 6, 1976.

Jr., and William Dixon Wiles, Dallas, for appellant L. D. Hopkins.

Brown, Herman, Scott, Dean & Miles, and J. Shelby Sharpe, and Morton L. Herman, Fort Worth, for appellant Bell Helicopter International, Inc.

Rohne & Hoodenpyle, and Jerry R. Hoodenpyle, Arlington, for appellee.

## OPINION

MASSEY, Chief Justice.

The appeal is by L. D. Hopkins from a judgment granting his wife, Shirley Ann Hopkins, a divorce. Therein he complains of property settlement upon divorce, and of the amount and extent of child support payments provided to be paid by him in the future. Furthermore, he attempts to present his appeal from the provisions of the judgment for the alimony and child support which had been directed to be paid by him or for his credit by antecedent order of the court entered some months before the hearing upon the merits of the divorce proceeding, but we have concluded that in such respect the complaint is immaterial.

The appeal is also by Bell Helicopter International, Inc., at all material times the employer of L. D. Hopkins. It was brought into the suit by the wife, Shirley Ann Hopkins. At a preliminary hearing some months before the trial of the divorce case there was entry of an order of the court, in the nature of a temporary mandatory injunction, providing that pending final hearing Bell Helicopter withhold from the pay of its employee, the husband involved, the sum of $900.00 per month. Apparent from the order was the court's purpose that $500.00 thereof would be for alimony *pendente lite,* and $400.00 for the support of the parties' three children. Bell Helicopter, though having thereafter withheld the amount of $900.00 per month from the pay due the husband as his wages, had not paid it as it had accrued, as ordered, but had preserved it as a fund.

There was no appeal from the order which was of temporary character. There was nothing done by anyone to seek enforcement of any temporary order for alimony *pendente lite* or for child support.

Bailey, Williams, Westfall, Lee & Fowler, and G. David Westfall, C. Edward Fowler,

There was no attempt by the husband to present any complaint against Bell Helicopter for wrongful withholding of wages. There was no attempt by Bell Helicopter to assert any affirmative right against either the wife or husband for attorney's fees, etc. By having withheld a part of the husband's wages there was accumulated a fund in the possession of Bell Helicopter as of the time of the judgment from which appeal has been taken.

In this state of affairs the parties appeared and participated upon the occasion of trial of the merits of the divorce.

The court held the decision in abeyance for a time, and judgment was rendered on August 20, 1975, some months subsequent to the date the divorce case was tried. By such judgment the wife, Shirley Ann Hopkins, was granted a divorce from her husband and custody of the parties' three children. Of this portion of the judgment there is no complaint. There was division of community property between the parties of which there was no complaint and it will not be further noticed. The judgment granted to the wife the total fund accumulated in the hands of Bell Helicopter International, Inc., to August 20, 1975. The judgment decreed that future child support be paid by the father from date of judgment at the rate of $450.00 per month until the youngest of them should attain the age of 18 years. The judgment granted personal judgment to the wife against her husband for an attorney's fee of $900.00.

By such judgment, in addition to the court's necessarily implied *in rem* adjudication that the fund accumulated and withheld by Bell Helicopter International, Inc., should from date of its rendition stand as the individual personal property of Shirley Ann Hopkins, it was ordered that such corporation deliver the same to her. From and after the date of judgment the court directed that said corporation withhold the amount of $450.00 per month from the pay of L. D. Hopkins and pay it—in behalf of said husband and father—to the children's mother through the Tarrant County Child Support Office. There was provision that

its duty so to do should continue so long as Hopkins continued as its employee.

In explanation of at least part of the court's action L. D. Hopkins is employed by Bell Helicopter International, Inc., in Iran, a foreign country. The court justifiably concluded from evidence that he would not voluntarily discharge obligations imposed by the judgment.

### Action of this Court

We affirm that portion of the trial court's judgment in the case as between Shirley Ann Hopkins and Bell Helicopter International, Inc., which was *in rem*, in that it adjudicated the title to the accumulated fund, and directed that the fund accumulated and held as of August 20, 1975, be delivered to her as a part of the community property of the parties to the divorce action.

We reverse, as void, that portion of the trial court's judgment in the case as between Shirley Ann Hopkins and Bell Helicopter International, Inc., purporting to decree liability of said defendant to accrue (as any portion of the future wages of L. D. Hopkins) after August 20, 1975. We render our own decree that from and after said date Bell Helicopter's obligation to L. D. Hopkins is not in any way affected by the judgment rendered by the trial court.

We reverse that portion of the judgment as between Shirley Ann Hopkins and L. D. Hopkins which awarded an amount as attorney's fees to the former; and we sever and remand that portion of the cause, as a separate cause, for a new trial.

We reform that portion of the judgment as between Shirley Ann Hopkins and L. D. Hopkins relating to the duty of the latter to pay child support, by deletion of the provision therein that the payments ordered to be paid to or in behalf of Shirley Ann Hopkins by L. D. Hopkins as support for minor children be administered by Bell Helicopter International, Inc., as his agent; and by our reformation cause the judgment in said respect to provide as follows, to wit:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that L. D. Hopkins pay child support payments in the amount of $450.00 per month with the first payment of $450.00 being due to be paid on the 1st day of September, 1975, and a like amount of $450.00 on the 1st day of each month thereafter until the youngest of said children reaches eighteen (18) years of age or until further order of the Domestic Relations Court Number Four of Tarrant County, Texas, said payments to be paid by L. D. Hopkins to the Tarrant County Child Support Office, Fort Worth, Texas.

As so reformed the judgment obtained by Shirley Ann Hopkins as against L. D. Hopkins is affirmed; save and except for attorney's fees which part is remanded for trial as a severed case.

### Explanation of holdings affecting Bell Helicopter International, Inc.

What we hold in this divorce case is that since the husband's employer, without legal obligation to withhold part of his wages and thereby create a fund (because the trial court order directing that such be done was a void order under the law), did actually withhold the same and did create such a fund, such fund stood as community property; that for purposes of this case Bell Helicopter is deemed to have become a voluntary stakeholder of such community property; that as a party to the divorce suit Bell Helicopter stood before the court at time of final judgment exactly as would have been the case had it been a bank holding a deposit of community funds of the employee-husband and his wife; that the fund, regardless of whether there was propriety in the manner of its creation, was community property of the parties divorced, to which the court was obliged to determine entitlement, and of which determination Bell Helicopter would be deemed to have proper notice as a party to the suit.

### Chronology of events

29 October, 1974, L. D. Hopkins, husband, sued his wife for divorce in the Domestic Relations Court, Tarrant County, Texas. Though stating the names and birth dates of the three minor children of the parties, there was nothing stated in said husband's petition concerning their custody.

6 November, 1974, Shirley Ann Hopkins, the wife, filed her answer by general denial, coupled with her own cross-action for divorce. She prayed for relief including custody of the parties' minor children, for provision to be made for their support by payments to be made by L. D. Hopkins in the amount of $400.00 per month, for attorney's fees in an amount to be determined by the court, and for temporary alimony for her own support by payments to be made by her husband in the amount of $500.00 per month pending final hearing.

5 February, 1975, an order granted the writs of temporary injunction to the wife, pursuant to amendments of her original pleadings and joinder in the suit of Bell Helicopter International, Inc., as a party cross-defendant to her cross-action for divorce. Thereby, to be effective until the time of final hearing of the divorce proceeding, there was purported merger of an earlier temporary restraining order into the temporary injunction (although the effectiveness of said antecedent order ceased January 15, 1975). The temporary injunction decree provided for *pendente lite* payments and liability for payments—to be made to the wife by Bell Helicopter, by withholding from the husband's pay a portion sufficient for the purpose,—at the rate of $900.00 per month for alimony and child support. The decree did not provide for individual obligation of the husband though he was to be given credit for the performance of the duty (in his behalf) by Bell Helicopter. Though it is immaterial by our view of the case that there was provision therefor made by temporary orders, they did direct that Bell Helicopter withhold these monthly sums from the salary of the husband and make payments thereof, beginning 15 December, 1974, to the wife, for the account of the husband, through the Tarrant County Child Support Office.

20 August, 1975, final decree of divorce of Shirley Ann Hopkins from L. D. Hopkins. The divorce was granted the wife upon her cross-action;—with partition of the community estate of the parties, including an award to the wife of the total fund accumulated to date of judgment in the hands of Bell Helicopter;—with the grant to the wife of custody (the position of managing conservator) of the three minor children, coupled with decree that from date of the judgment the husband and father, L. D. Hopkins, be responsible to make payments for their support at the rate of $450.00 per month (with the first payment of $450.00 due on 1 August, 1975, and like amounts paid each month thereafter until the youngest child should attain the age of eighteen); —and with judgment in the amount of $900.00 attorney's fee granted the wife against her husband.

Included among the provisions of the judgment was the order that the husband and father should set aside in advance, from his entitlements as applied to his future salary, the aforesaid $450.00 per month to be administered by Bell Helicopter International, Inc., so long as he continued to be employed by that company. Further, as by a decree of mandatory injunction, Bell Helicopter was ordered to administer and pay said sums so set aside to the Tarrant County Child Support Office, monthly as accrued, to satisfy the obligation of the husband for future child support. The duty prescribed was to continue so long as it employed L. D. Hopkins.

## Opinion

To be initially noticed is that there is contention that the trial court lacked jurisdiction over Bell Helicopter. We hold that the trial court was authorized to join and hold said corporation as a party. V.A.T.S., Title 43, "Domestic Relations Courts", Art. 2338–15c, "Court of Domestic Relations No. 4 for Tarrant County" (having relation to the court from which the case of appeal is presented) provides in Sec. 3 thereof the grant of jurisdiction to the court of justiciable controversies between spouses, or be-

tween these and third persons, corporations, etc., within the jurisdiction of the court. Points of error raising the question of the trial court's jurisdiction are overruled.

Additionally noticed is that there is contention that the proceedings against Bell Helicopter amounted to improper garnishment and/or mandatory injunction. The wife never at any time tendered, nor was she required by the trial court so to provide, bond or bonds of any character. Since Bell Helicopter was a third-party defendant, the provisions of law entitling the trial court to waive requirement of bond in connection with injunctions deemed necessary as applied to petitioners and respondents in divorce cases are without application. If the case be viewed as one where funds in the hands of a third party are attempted to be subjected to garnishment, an order for the attachment of the funds without compliance with the provisions of law relative to bond would be void. If the case be viewed as one where an injunction was sought against Bell Helicopter as a third party, any injunction decree rendered without protection afforded by the bond required in injunction cases would be inhibited by the provisions of law. We have no doubt that what was done, or attempted, was to decree a mandatory injunction affecting Bell Helicopter. The decree of injunction was void because of the failure to supply bond. *Lancaster v. Lancaster,* 155 Tex. 528, 291 S.W.2d 303 (1956). Despite the ineffectiveness to bind it and charge it with any duty, retention of Bell Helicopter was nevertheless proper. That corporation might be held as a party to the suit that it would be on notice of all that occurred and of the provisions of the judgment in the case. By the judgment Bell Helicopter was officially apprised of the adjudication of title to the fund retained by it and from the time of the judgment was on notice that the fund belonged to Shirley Ann Hopkins. The provisions of T.R.C.P. 693a, "Bond in Divorce Case" are without application to a third party drawn into divorce proceedings as a party.

Although as applied to the interest of Bell Helicopter, the temporary and permanent injunctions were void, and as applied to the interest of the husband they might be held voidable (or might upon a proper presentment in a case have been decreed void), it would be pointless to concern ourselves with speculation upon propriety of trial court action in this case. If there was any error involved it would only be error with which we would not be concerned on the instant appeal.

■ In our view the manner by which the fund (which constituted community property of the husband and wife) happened to come into being and existed at the time of divorce is of no importance. As community property, rights of the husband and wife therein were appropriate for *in rem* adjudication. Such an adjudication has properly been made. If not spelled out in the words of the judgment it is apparent therein by necessary implication.

In the *in rem* adjudication relative to the fund in the hands of Bell Helicopter we see no occasion for distinction to be made relative to the part thereof which represents the accumulation at $500.00 per month for the support of the wife from the part thereof which represents the accumulated amount at $400.00 per month for the support of the parties' minor children.

The only matter of importance is the fund existed and its amount at date of final judgment on August 20, 1975. There is no question but that it constituted community property of the husband and wife.

Essentially, what we have attempted to say is that despite impropriety in the ineffective imposition of the duty to withhold funds upon Bell Helicopter, and despite the fact that said corporation would have incurred no liability had it refused to obey the court's order so to do, it did in fact withhold them and thereby created a fund. As a result Bell Helicopter stood charged with the duties of a trustee upon the rendition of the court's valid decree that the wife had title to the fund.

The wife's community interest therein was capable of being ascertained on date of the divorce. Upon granting one of the parties a divorce, by authorization of the law, the trial court was entitled to grant all of the fund to the wife, to be her part of the community of herself and husband, if to do so would not constitute an abuse of discretion. This the court did. In so doing the court did not abuse its discretion.

From this point the case lacks novelty. It is the ordinary appeal following divorce wherein the party aggrieved complains of the property distribution and apportionment made, and/or of the award of custody of the parties' minor children and the amount specified for their support, and/or of the award of attorney's fees to the prevailing party.

The husband does not complain of the award of custody of the parties' children to the wife, but does complain of the amount of child support awarded and of the fact that the court awarded the same amount as decreed necessary for the support of all three of his children until the youngest of them attains the age of eighteen years. He also complains of the $900.00 attorney's fee awarded his wife as having been granted without evidence as to amount and as to necessity of expenditure.

In other points, he complains that he was prejudiced by the presence of Bell Helicopter as a party to the divorce suit.

Among points presented by the husband were No. 7, relative to the provision of the judgment for future administration of payments of child support by Bell Helicopter, which would merely occasion necessity for reformation, and others to which we have given special attention, to wit: Nos. 11, 12, 13, 14, 15, 23, 24, 33, 38 and 39.

■ We hold that the husband, though perhaps prejudiced antecedent to rendition of the judgment by the presence of Bell Helicopter as a party, is not to be deemed prejudiced thereby as of time of the judgment from which he has appealed. Actually the antecedent prejudice to the husband was not in the fact of Bell Helicopter's presence as a party but by Bell Helicopter's

withholding part of his salary in obedience to a void court order. We have earlier held that presence of said corporation as a party was not error.

█ The complaint relative to the obligation to pay child support is that the evidence does not show the husband had the ability to pay child support in the amount awarded. By our review of the evidence that complaint is without merit. Likewise without merit is the contention that the court's finding that he was able to pay the amount awarded was contrary to the great weight and preponderance of the evidence. The evidence shows that he made a substantial salary, in addition to substantial allowances, from which he should be able to provide his children an excellent living standard. There was nothing indicating that his earnings from his employment might become diminished within the near future.

█ The husband complains of impropriety because by the temporary order of February 5, 1975, he was obliged, pending trial of the divorce case, to pay $400.00 (of the $900.00 ordered) for the support of his children. The complaint is not reviewable on the instant appeal. Under the circumstances of the case, said $400.00 is deemed as either conclusively owing or to have been paid in the discharge of the obligation for payment. Of course it actually was not paid, being part of the moneys held by Bell Helicopter. In any event the husband was never cited for contempt because of its nonpayment. Only if the husband had been cited and held in contempt and jailed until he had purged himself could there have been a review of the propriety of the adjudication to pay said amount for support of his children pending the hearing on the merits of the divorce suit. Such review would have been available as a part of *habeas corpus* proceedings in a Court of Civil Appeals or in the Supreme Court. This is not that character of proceeding but is the ordinary appeal from a final judgment of divorce in which the entire question was obviated by the *in rem* adjudication upon the fund which represented community property of the parties, and which fund included the amount which should have been earlier paid as child support.

█ There is one aspect of the case relative to the liability of the husband and father for child support concerning which the law is not well settled, and there are several points of error by which complaint is made. The final decree of August 20, 1975, provided for the amount awarded for support of the three children of the parties to continue at the same rate per month during the minority of any of them—after the two eldest are no longer minors—until the youngest of them reaches the age of eighteen years.

To support the contention that the judgment to such effect constituted error the husband cites the opinion in *Brooks v. Brooks,* 480 S.W.2d 463, 466 (Tex.Civ.App., Eastland, 1972, no writ hist.), in which the following appears: "The intent of the statute (speaking of V.A.T.S. 4639a, "Further provision as to children, petition, judgment") is that payments be made for the support of a child until that child reaches 18 years." Provisions to the same effect are now to be found in V.A.T.S. Family Code, Sec. 14.05, "Support of Child". Actually we see no distinction to be made for our purposes.

We have examined the opinion and have concluded that the quoted sentence constitutes dictum. The case was one in which not only was a very high standard of living shown to have existed but also a great amount was provided to be continued as child support, undiminished until the youngest of several children had attained the age of eighteen years. Viewing the amounts, it was unreasonable that the amount of child support should have been ordered continued during the minority of only the youngest child. We agree with the holding of the Eastland Court of Civil Appeals that there was abuse of discretion of the trial court in the amount of child support allowed thereby, and with the action of the appellate court in the reduction of the amount provided therefor by the trial court's judgment. The question of abuse of

discretion in allowing excessive amounts as child support existed as an issue raised on appeal. The same is not true in the instant case. We have tested presentation by points of error and found raised only illegality in the order, along with complaint of lack of evidence of the father's ability to pay. Not raised is any contention that allowance to any child exceeds her need.

Undoubtedly the trial court was lodged with jurisdiction to continue the obligation of the husband to contribute a single amount to be paid each month for the support of child or children, without reduction in amount as any child attained the age of eighteen, and even without reduction in amount during the period in which only one of his children might be under that age. *Ex parte Slavin,* 412 S.W.2d 43 (Tex.Sup., 1967); *Garza v. Fleming,* 323 S.W.2d 152 (Tex.Civ.App., San Antonio, 1959, writ ref., n. r. e.); *Ex parte Lindeman,* 492 S.W.2d 599 (Tex.Civ.App., Fort Worth, 1973, no writ hist.). We find nothing in the Family Code that alters the law or holdings in antecedent authorities. Under the points of complaint presented by the appeal we hold there was not an abuse of the discretion lodged in the trial court by its judgment awarding child support.

█ There is complaint of the award of $900.00 to the wife as attorney's fees. The record reflects the necessity for the wife to obtain the services of an attorney for purposes of the divorce action, and the number of hours of work of her attorney in the defense of the husband's action against her and her own cross-action against him. There was no segregation enabling consideration of the time spent in the prosecution of the wife's action against Bell Helicopter to be deducted from the total number of hours shown to have been spent by the attorney. There was no evidence of the amount in money which represented the reasonable value of the wife's attorney's services.

Under these circumstances there is reversible error. We must reverse, at least as applied to that portion of the wife's judg-

ment for attorney's fees. The question then arises whether there should be rendition of judgment by this Court deleting any allowance for attorney's fee, or a severance of the issue from the remainder of the case, and remand to the trial court for proof enabling a proper judgment for attorney's fees. On this question we find answer by which we have concluded the propriety of a remand in the case of *Great American Reserve Insurance Co. v. Britton,* 406 S.W.2d 901, 907 (Tex.Sup., 1966) and cases following, including our own holding in *Uhl v. Uhl,* 524 S.W.2d 534, 538 (Tex.Civ.App., Fort Worth, 1975, no writ hist.) wherein we reviewed other cases.

Each point of error of the husband has been separately considered, and, with the sole exception of those by which there is complaint of attorney's fees, they are all overruled.

We reverse the judgment of the trial court insofar as it awards an amount as attorney's fees, and sever the issues thereupon from all other aspects of the case; and as a severed case remand the same to the trial court for a new trial.

We reform that portion of the judgment as between Shirley Ann Hopkins and L. D. Hopkins relating to the duty of the latter to pay child support by deleting therefrom the provision that the payments ordered paid to or in behalf of Shirley Ann Hopkins by L. D. Hopkins as support of the children of the parties be administered by Bell Helicopter International, Inc., as his agent; and by our reformation cause the judgment in said respect to provide as follows, to wit:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that L. D. Hopkins pay child support payments in the amount of $450.00 per month with the first payment of $450.00 being due to be paid on the 1st day of September, 1975, and a like amount of $450.00 on the 1st day of each month thereafter until the youngest of said children reaches eighteen (18) years of age or until further order of the Domestic Relations Court Number Four of Tarrant County, Texas, said payments to

be paid by L. D. Hopkins to the Tarrant County Child Support Office, Fort Worth, Texas.

As so reformed the judgment obtained by Shirley Ann Hopkins as against L. D. Hopkins is affirmed; save and except for attorney's fees which part is remanded for trial as a severed case.

We affirm that portion of the trial court's judgment in the case as between Shirley Ann Hopkins and Bell Helicopter International, Inc., which was *in rem,* in that it adjudicated the title to the accumulated fund and directed that the fund accumulated and held as of August 20, 1975, be delivered to her as a part of the community property of the parties to the divorce action.

We reverse as void that portion of the trial court's judgment in the case as between Shirley Ann Hopkins and Bell Helicopter International, Inc., purporting to decree liability of said cross-defendant to accrue after August 20, 1975. We render our own decree that from and after said date the obligation of Bell Helicopter International, Inc., to L. D. Hopkins is not in any way affected by the judgment of the trial court.

All costs of this proceeding are taxed against L. D. Hopkins.