In the Interest of Eric Keith
SOLOMON, a child.

Hardy S. SOLOMON, Appellant,

v.

Elaine F. SOLOMON, Appellee.

No. 8397.

Court of Civil Appeals of Texas,
Texarkana.

Jan. 18, 1977.

Rehearing Denied Feb. 8, 1977.

Thomas A. Melody, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell J. Templeton, Gerdes W. Rice, Asst. Dist. Attys., Dallas, for appellee.

CORNELIUS, Justice.

The opinion formerly delivered in this cause is withdrawn and the following is substituted therefor.

Hardy S. Solomon has appealed from a judgment of the Juvenile Court No. 2 of Dallas County which ordered him to pay future child support payments and arrearage due by the terms of a previous divorce decree. The judgment in question resulted from a proceeding instituted by appellee, Elaine F. Solomon, pursuant to the intrastate or inter-district provisions of the Uniform Reciprocal Enforcement of Support Act.[1] By virtue of those provisions, one claiming that another person owes an obligation of support to a child may file, in a court of this state, a verified petition showing such obligation and seeking enforcement thereof. If the initiating court finds that the petition sets forth facts from which it may be determined that the defendant owes a duty of support, and further finds that another court in this state may obtain jurisdiction of the defendant or his property, the petition and the court's certificate may be forwarded to the judicial district in which the defendant or his property

is found, which court shall act as the responding court in enforcing the support obligation.

Appellee's petition, which was filed in the District Court of Travis County, alleged that appellant was a resident of Dallas and had an obligation to support the minor child, Eric Keith Solomon,[2] under the terms of a divorce decree rendered by the Domestic Relations Court No. 3 of Dallas County. Attached to appellee's petition was a copy of the divorce decree which ordered appellant to pay $75.00 per month child support for his three minor children. The District Court of Travis County forwarded the petition and its certificate to the Dallas County District Attorney, who in turn filed them in the Juvenile Court No. 2 of Dallas County, requesting it to order appellant to pay the support and arrearage due by the terms of the divorce decree. The Juvenile Court No. 2 of Dallas County then conducted a hearing, in which appellant appeared and answered, and entered judgment ordering appellant to pay $75.00 per month child support, together with other periodic payments toward liquidation of $17,125.00 in arrearage due under the divorce decree's support provisions.

Apart from the jurisdictional question discussed below, appellant attacks the judgment on three grounds: (1) The divorce decree's support provisions are fatally ambiguous and therefore not subject to enforcement; (2) the Uniform Reciprocal Act does not authorize an order to pay arrearage; and, (3) the Uniform Reciprocal Act violates the Texas constitutional provisions exempting the homestead and certain other property from forced sale.

■■■ On original submission we concluded that the Juvenile Court No. 2 lacked jurisdiction to enter the judgment complained of because the Domestic Relations Court No. 3, which granted the divorce and originally ordered the support, had continuing jurisdiction, and under Sections 21.24

---

1. Texas Family Code Ann. Chapter 21 (1974).

2. Three children were born to Mr. and Mrs. Solomon, but only Eric is of the age that his father still has the obligation to support him.

and 21.45(d) of the Uniform Reciprocal Enforcement of Support Act, it had exclusive jurisdiction of appellee's claim. Upon careful consideration of appellee's motions for rehearing, we have concluded that we were in error in our original disposition and that no court had continuing jurisdiction with reference to appellee's claim for enforcement of the pre-1974 support order.

Section 21.24 of the Uniform Reciprocal Act provides as follows:

"Jurisdiction of all proceedings hereunder is vested in the district court. If the child for whom support is sought is the subject of a suit affecting the parent-child relationship, the court having continuing jurisdiction under Section 11.05 of this code has exclusive jurisdiction of a suit under this chapter."

Thus, the exclusive jurisdiction provisions of Section 21.24 apply when there has been a suit "affecting the parent-child relationship" which has vested a court with "continuing jurisdiction under Section 11.05 of this code." Section 11.05 of the Family Code provides that continuing jurisdiction is afforded only to a court which has entertained a "suit affecting the parent-child relationship." A "suit affecting the parent-child relationship" is defined by Section 11.01(5) of the Code as a suit brought under Subtitle A of Title 2. Because the parties here were divorced prior to the effective date of Subtitle A of Title 2, the appellee argues, and we agree, that the divorce was not a "suit affecting the parent-child relationship" as that term is defined in the Family Code, and therefore the divorcing court did not acquire exclusive continuing jurisdiction for the purposes of proceedings under the Uniform Reciprocal Act. In speaking of the effect of the Family Code on pre-1974 decrees, the Texas Supreme Court has written in *Curtis v. Gibbs*, 511 S.W.2d 263 (Tex.1974) that:

". . . no court could have 'continuing jurisdiction' based on its jurisdiction of any suit in which final judgment was entered prior to January 1, 1974."

A harmonizing of the pertinent provisions of the Family Code indicates that the intent of the legislature was to provide that continuing jurisdiction did not attach to any pre-1974 judgment, and to make the term "suit affecting the parent-child relationship" a term of art referring only to a suit instituted after the effective date of the code. There is policy behind the refusal to afford continuing jurisdiction to pre-1974 divorcing courts. By Section 11.17(a) of the Family Code, the legislature sought to implement a plan whereby any continuing jurisdiction over parent-child relationships could be easily ascertained. The clerk of a court obtaining such jurisdiction was directed to transmit that information and other relevant data pertaining to the suit to the State Department of Public Welfare which would be the central and conclusive source of information as to what court, if any, had continuing jurisdiction for the purposes of the Code. The department's records, however, date back only until January 1, 1974. In order to make the central registry file the sole definitive source of information, all those judgments which the department could not trace—those entered before it began collecting records—were deprived of continuing jurisdiction status.

As the Domestic Relations Court No. 3 did not have continuing jurisdiction as defined by the Family Code, the Juvenile Court No. 2 properly proceeded to enforce appellee's claim under the Uniform Reciprocal Act.

■ In his first attack on the judgment appellant argues that the divorce decree's support provisions are fatally vague and therefore not subject to enforcement. The divorce decree ordered appellant to:

". . . pay to the plaintiff for the use and benefit of said children the sum of Seventy-five and No/100 Dollars ($75.00) per week to be paid through the Dallas County Child Support Division on Friday of each week, commencing with Friday, August 30, 1968, and each Friday thereafter, *until further order of the court . . . .*" (Emphasis supplied)

Appellant contends that, as there were three children, and after entry of the decree two of them have reached the age beyond

**132**

which the court can legally order support, the order is ambiguous because it is not clear whether he was to (1) pay the $75.00 per week while all the children are under eighteen and then proportionately reduce the payment as each child reaches eighteen years, or (2) continue to pay the full amount until the youngest child reaches eighteen years. A support order reasonably subject to those differing interpretations has been held fatally vague for the purposes of enforcement by contempt. *Ex Parte Slavin*, 412 S.W.2d 43, 45 (Tex.1967). But, aside from the fact that this is not a contempt action, we believe the order here is clearly distinguished from that in *Ex Parte Slavin*. It does not order payment until the children reach eighteen years of age as the order did in that case. It orders the payment of $75.00 per week "until the further order of the court." There is nothing vague or misleading about such an order. If appellant felt his payment should be reduced when one or more of the children reached eighteen, he had only to apply for a modification or change in the court's order. Until the order was changed it was clear that appellant was to pay the full $75.00 per week.

Appellant next urges that the provisions of the Uniform Reciprocal Act do not authorize a judgment for arrearages. This point is expressly covered by Section 21.23 of the Code which provides:

"All duties of support, *including arrearages*, are enforceable by a suit under this chapter, irrespective of the relationship between the obligor and the obligee." (Emphasis supplied)

Appellant's last point, which argues that the provisions of the Uniform Reciprocal Act violate the Texas constitutional provisions exempting the homestead and certain other property from forced sale, is overruled. The record shows no attempt to collect the judgment by levy of execution upon appellant's homestead or other exempt property. The provisions of the Uniform Reciprocal Act do not purport to authorize such levy nor do they conflict in any way with the status of property constitutionally exempt from forced sale.

The judgment of the trial court is affirmed.