Ex parte Alejandro **LONGORIA**,
Relator.

No. 04–84–00133–CV.

Court of Appeals of Texas,
San Antonio.

May 9, 1984.

Joe Hernandez, San Antonio, for relator.

Faye Harden, Child Support Enforcement Office, San Antonio, for appellee.

Before CADENA, C.J., and REEVES* and DIAL, JJ.

---

* Associate Justice Blair Reeves has replaced Associate Justice Antonio G. Cantu, who was unable

OPINION

ON RELATOR'S APPLICATION FOR
WRIT OF HABEAS CORPUS

CADENA, Chief Justice.

Relator, Alejandro Longoria, was found guilty of contempt by the 45th District Court of Bexar County because of his failure to comply with the child support provisions of a divorce decree dated October 10, 1975. He seeks relief in this Court through an original application for writ of habeas corpus. We grant relief prayed for and order him released from the custody of the Sheriff of Bexar County. The trial court, after finding him guilty of contempt, ordered his commitment to the Bexar County jail for a period of 60 days and, thereafter, until he had purged himself by paying the sum of $7,378.00, the amount of the arrearage.

The pertinent portion of the divorce decree is as follows:

[Relator was ordered]

... to pay child support for the maintenance and support of said children, HILDA LONGORIA, IRMA LONGORIA, ALEJANDRO LONGORIA, SABAS LONGORIA, and GENEVIEVE LONGORIA, in the sum of FIFTY AND NO/100 ($50.00) DOLLARS per week; the first payment due and payable on the 27th day of October, 1975, and every Monday of every week thereafter until said children reach the age of eighteen (18) years, or until further Orders from this Court ...

It is clear from the contempt order that the trial court interpreted the provisions of the decree as requiring relator to pay $10.00 per week per child under the age of 18, and that the adjudication of contempt was based on the finding that relator "neither paid 50/week nor 10 per week per child under 18." The order reflects that the arrears of $7,378 represents "child sup-

to participate in the writing of this opinion, due to illness.

port solely for children under 18 at the rate of $10/child/week."

In *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex.1967), the divorce decree provided:

> The defendant is further ORDERED to pay the sum of ONE HUNDRED FIFTY AND NO/100 DOLLARS ($150.00) per month for the care, support and maintenance of the three minor children until said children attain the age of 18 years.

Except for the irrelevant factors concerning the number of children involved, the amount of the periodic payments and the provision for monthly payments rather than weekly payments, the provisions of the *Slavin*. decree are indistinguishable from the provisions of the decree involved in this case. We attach no significance to the fact that in *Slavin* the payments were to continue until the "said" children "attain" the age of 18 while the decree in this case required the payments to continue until "said" children "reach" the age of 18.

In *Slavin* relator contended that the decree was equivocal, and that he had interpreted it as requiring the payment of $150.00 per month until the oldest child reached age 18, at which time the monthly payment would be proportionately reduced, so that after such child became 18 his obligation under the decree required him to pay only $100.00 a month. He urged that since this was a reasonable interpretation of the support order and he had complied with such reasonable interpretation, he could not be held guilty of contempt.

The Supreme Court, while not expressly holding that relator's interpretation was reasonable, concluded that the order was subject to another reasonable interpretation, and that under such alternative construction the order required that relator pay $150.00 per month until the youngest of the three children reached age 18. 412 S.W.2d at 44. The Supreme Court ordered relator discharged from custody because it could not say that the order could be readily understood. Since the support order was ambiguous, it could not be enforced by contempt. 412 S.W.2d at 45.

It can be persuasively argued that the *Slavin* order was clear and unequivocal and could only be reasonably interpreted as requiring payment of $150.00 per month as long as any of the three children was less than 18 years old. At the very least, it can be said that there is no basis whatever for an interpretation of the language as contemplating a proportionate reduction in the support payment when the oldest child reached age 18. The order was in terms of a gross payment, not in terms of payment of a stated amount per child. The fact that one of the three children involved in *Slavin* reached the age of 18 does not have the effect of automatically reducing the support payment by one-third. *See Friedman v. Friedman*, 521 S.W.2d 111, 114 (Tex.Civ. App.—Houston [14th Dist.] 1975, no writ). The contention that such an automatic proportion will result is based on the untenable assumption that the cost of supporting two children is two-thirds the cost of supporting three. *Id.* Additionally, there is no rule which requires, when the provision for child support for several children is in gross, that the gross amount be reduced as each child reaches age 18. Although *Solomon v. Solomon*, 546 S.W.2d 129 (Tex.Civ. App.—Texarkana 1977, writ ref'd n.r.e.), was not a habeas corpus proceeding, the Court held that there was nothing vague or misleading about a divorce decree which required the father to make payments of $75.00 per week for the support of the three minor children of the parties "until further order of the court." The decree was upheld although it contained no language making the amount payable dependent on the ages of the children and did not provide for automatic reduction, proportionate or otherwise, when a child reached age 18. In fact, the court relied on the absence of any language making the amount payable dependent on age to distinguish *Slavin*. 546 S.W.2d at 132.

In *Ex parte Lindeman*, 492 S.W.2d 599 (Tex.Civ.App.—Fort Worth 1973, no writ), a divorce decree which required the payment of a fixed sum per week for the support of three children and required such

payments to continue until the youngest child reached age 18 was held sufficient to support contempt proceedings. In *Garza v. Fleming*, 323 S.W.2d 152 (Tex.Civ.App. —San Antonio 1959, writ ref'd n.r.e.), this Court clearly held that a divorce court could order the continuation of support payments, without reduction, as long as any child was under age 18.

Nevertheless, *Slavin* directly holds that a support order such as that before us is "equivocal" and prevents our holding that such order "can be readily understood." Under *Slavin*, we must hold the "ambiguity of the support order renders it unenforceable." 412 S.W.2d at 45.

In this case, the trial court's conclusion that the support order required relator to pay $10.00 per week per child under 18 cannot be defended. The language of the support order contains no language which even tends to support such conclusion. The language of the order furnishes no basis for the interpretation that an order directing gross payment for the support of five children is, in effect, an order to pay $10.00 per month for each child under 18. The order of the Supreme Court ordering the relator in *Slavin* discharged from custody is not based on the fact that the relator there complied with one of the possible reasonable interpretations of the order. The result in *Slavin* is based, expressly and solely, on the conclusion that it is "an accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him." 412 S.W.2d at 44. Since *Slavin* compels the conclusion that the command of the support order in this case carries with it uncertainty and "is susceptible of different meanings or constructions" and does not, "when tested by itself," "speak definitely the meaning and purpose of the court," 412 S.W.2d at 45, we must hold that the ambiguity of the order renders it unenforceable.

According to the "abbreviated statement of facts" which is part of the record in this case, the trial court held relator in contempt because he failed to comply with "the most favorable and possible construction of the divorce decree." In *Slavin*, the Supreme Court had the opportunity to hold that a person who has complied with the requirements imposed by one possible reasonable interpretation of an ambiguous order may not be held in contempt. It chose not to base its conclusion on that ground and elected, instead, to rely solely on the theory that an ambiguous order cannot support an adjudication of contempt.

Relator is ordered discharged from custody.

REEVES, Justice, dissenting.

I respectfully dissent. I agree with the majority that we are bound by our Supreme Court's decision in *Ex parte Slavin*, 412 S.W.2d 43 (Tex.1967), and that this order is subject to two reasonable interpretations.

I fully realize and concur that contempt proceedings are criminal in nature and should conform as nearly as practicable to those in a criminal case. *Ex parte Payne*, 598 S.W.2d 312, 316 (Tex.Civ.App.—Texarkana 1980, no writ), and that "the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him." *Slavin, supra* at 44; *Ex parte Hodges*, 625 S.W.2d 304 (Tex.1981).

This order is subject to two reasonable constructions, both of which require relator to make support payments. The amount required to be paid is readily ascertainable under either construction. While the relator in *Slavin* complied with the order according to his construction, the relator in the case at bar has failed to comply with either construction. Relator knew with certainty he was either to pay X amount or Y amount under the order. Rather than complying with one or the other, he chose instead to completely ignore this order.

This is conduct which, I believe, is punishable by contempt. I would deny the writ.

In the event the above reasoning is erroneous, I believe another option is available. As stated in *Slavin,* "The decree was sufficiently certain as long as all ... children were less than eighteen years of age." 412 S.W.2d at 44. At the time the order in the case at bar was entered, the oldest child was twelve years old. Thus, for a period of some six years, relator knew *exactly* how much to pay under this order. Consequently, unless a valid excuse is shown, I believe a contempt action could lie for a failure to pay during this period of time.