OPINION
COHEN, Justice.
Relator complains that he has been illegally confined under a void contempt/ commitment order, as a result of his failure to comply with the terms of a divorce decree requiring him to pay $150 each month as child support. The decree ordered relator to contribute this amount each month toward the support of his six children and provided that the payments were to continue until relator’s youngest child reached the age of 18.
Relator’s ex-wife filed a motion for contempt in September 1985, before the youngest child was 18, alleging that relator had failed to pay child support as ordered from the date of the decree in 1971 through 1985, with only a few specified exceptions. At the contempt hearing, the trial judge *467 stated that the amounts due for more than 10 years could not be reduced to judgment, but he said he would be willing to grant the movant a judgment for $18,000, equal to $150 times 120 months, less the amounts that relator testified he paid during these years. The court assessed his punishment at six months confinement and a $500 fine and assessed attorney’s fees of $506.25 and court costs against relator.
The criminal contempt portion of the written order holding relator in contempt recites an arrearage of $23,909 and finds that relator should be held in contempt for failing to pay child support in each month of each year between 1971 and 1985. The order assesses relator’s punishment for each separate violation of the decree at a fine of $500 and confinement in the county jail for six months.
In the civil contempt portion of the order, the court found that relator was able to pay the arrearages due and ordered his confinement to continue after the criminal contempt portion of the order had been satisfied, until he paid: $13,227 to the mov-ant through the district clerk’s office as child support arrearage; $48 in court costs; and $506.25 in attorney’s fees.
In his amended brief, relator contends that the support provisions of the divorce decree were void for vagueness and alleges that the trial court had no jurisdiction to enforce a support order on accrued, unpaid child support, because the motion for contempt was commenced after five of relator’s six children were 18 years old.
Relator cites Ex parte Thomas, 609 S.W.2d 829 (Tex.Civ.App.—Tyler 1980, no writ), in support of his contention. However, that case involved a divorce decree ordering relator to pay $100 per month per child, and the motion to hold relator in contempt was not filed until more than five years after both of relator’s children had reached the age of 18. Additionally, the Thomas case involved only civil or coercive, rather than also criminal, contempt. The court held that the trial court had lost jurisdiction to coercively enforce the support order, because that order expired when the youngest child reached the age of 18.
In the case at bar, the divorce decree ordered relator to contribute $150 per month to the support of his six children and provided that these payments were to continue until the youngest child reached the age of 18. The decree did not specify a payment for each child or apportion the $150 among the six children. Rather, it clearly stated that the $150 payment was to be made through the district clerk’s office until the youngest child turned 18. This language is unambiguous, compare Ex parte Slavin, 412 S.W.2d 43 (Tex.1967); see also In re Solomon, 546 S.W.2d 129, 131 (Tex.Civ.App.—Texarkana 1977, writ ref’d n.r.e.), and gave relator clear notice of what duties or obligations were imposed on him. The divorce decree is not void for vagueness.
Further, the motion to hold relator in contempt was filed before the support order expired; therefore, the trial court had jurisdiction to enforce that order. Garza v. Fleming, 323 S.W.2d 152, 155-56 (Tex.Civ.App.—San Antonio 1959, writ ref’d n.r.e.); Tex.Fam.Code Ann. sec. 14.-40(b) (Vernon Supp.1986). Relator’s contentions are overruled.
Next, relator asserts that the record clearly supports his defense of inability to pay, because he experienced both unemployment and illness at various periods between 1971 and 1985. To establish the defense of impossibility of performance in civil contempt, relator must have conclusively demonstrated at the contempt hearing that he did not then have, and had no source from which to obtain, the amount in arrears. Ex parte Rohleder, 424 S.W.2d 891, 892 (Tex.1967). To prove the defense for criminal contempt, relator must have conclusively shown that he was unable to pay each time payment was due under the support order. See Ex parte DeWees, 146 Tex. 564, 210 S.W.2d 145 (1948).
Relator has met neither of these burdens. Although there is some evidence *468 in the record that he was unemployed and unable to work because of arthritis for some periods during the past 10 years, relator did not show conclusively that he was unable to pay on any specific due date or at the time of the hearing. He did not show that all possible sources from which he might obtain the amounts due had been exhausted. Nor was his testimony without substantial contradiction. See Ex parte Deckert, 559 S.W.2d 847, 850 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ). For example, the record reflects that relator purchased a 1981 Corvette within the last two years priced at $13,500, and also owns a 1979 Cutlass and a 1978 Dodge pickup truck, though he has not yet paid off these vehicles. Additionally, relator testified that, jointly with his current wife, he owns 15 acres of land as well as the home they have lived in for the past six years. He testified that he would be willing to sell the land now to satisfy his support obligations to his ex-wife. Relator’s defense of inability to pay was not conclusively established by the record. His contention is overruled.
Finally, relator asserts that the written order of commitment is void on its face. The contempt order, as well as the proceedings and orders underlying it, must satisfy procedural and substantive due process requirements.
In the criminal contempt part of the written contempt/commitment order, the court found an arrearage of $23,909 and that relator should be held in contempt for failing to pay child support “on each of the following dates: Each month of each year between 1971 and 1985.” Under section 14.40(b) of the new Texas Family Code, effective September 1, 1985, the court was authorized to enter this contempt order, provided that the motion for contempt for failure to comply with a court-ordered child support order was filed (1) within six months after the child became an adult, or (2) within six months after the date on which the child support order terminated by its own terms or by operation of law.
According to relator’s brief, the motion for contempt in this ease was brought on September 20, 1985. At that time, one of relator’s children was under the age of 18, and the support order had not yet expired by its own terms. Thus, the criminal contempt order was not barred by the time limitations prescribed by section 14.40(b).
In the civil contempt part of the order, the court ordered that relator be further confined, after the criminal contempt punishment had been satisfied, until he paid $13,227 in child support arrearage through the district clerk’s office. Section 14.41(b) of the new Texas Family Code indicates that the court may not reduce to civil judgment unpaid child support obligations that were due and owing more than 10 years before the filing of any motion to render judgment for the arrearages.
At the end of the hearing, the trial court stated that he could not reduce to judgment any amount for child support that was more than 10 years old. He then granted the movant a judgment for $18,-000, equal to 10 years times $150 per month, but subtracted the amount that relator testified that he paid directly to his ex-wife in the form of money orders. This does not violate the provisions of section 14.41(b) because it does not require relator to pay for arrearages that are more than 10 years old.
Finally, relator contends that the contempt order is fatally vague in that it orders the six-month jail terms assessed for each separate act of disobedience of the support order to run and to be satisfied “concurrently/consecutively.” However, in a habeas corpus proceeding, which is a collateral attack on a contempt judgment, relator must show that the contempt order is void, not merely erroneous. Ex parte McKinley, 578 S.W.2d 437 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).
The trial judge sentenced relator to six months in jail and a $500 fine at the contempt hearing, after which he asked for a proposed order from the movant’s attorney. We find the inclusion of the language “concurrently/consecutively” to be merely an error in the form of the order, which *469 was not rendered void thereby. If the six-month jail terms were to run consecutively, relator would have been entitled to additional procedural due process safeguards at the contempt hearing, such as a jury trial, see Codispoti v. Pennsylvania, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974). We construe the language of the order to uphold its validity and reform it to read that the relator’s six-month jail terms are to be served concurrently.
As reformed, we uphold the contempt order and deny the writ of habeas corpus. The relator is remanded to the Sheriff of Burleson County, Texas for confinement in accordance with the trial court’s order of commitment, as reformed by this Court.