## EX PARTE H. H. CASH.

### No. 3548.  Decided February 6, 1907.

**1.—Habeas Corpus—Contempt—Ticket Scalpers—Moving Papers.**

A contempt proceeding in the district court for violating an injunction, which was challenged in a habeas corpus proceedings, because the order did not adjudge the particular matter about which relator was in contempt of said injunction; held, that the moving papers as indicating the particular character of violation may be looked to, which in this case was the sale of a railroad ticket in violation of the order of the court.

**2.—Same—Invited Violation—Railroad Agent—Judgment for Contempt.**

Where upon habeas corpus the evidence showed that an injunction had been entered against relator for selling scalper's railroad tickets, and that a judgment for contempt had been entered for violating this injunction by selling such inhibited ticket to the agent of said railroad. Held, that there was no such invitation on the part of the said railroad company to relator to ignore such injunction as would render it incapable of inforcement. Besides, this was a matter that should have been urged in the court a quo.

**3.—Subject Matter—Jurisdiction—Question on Habeas Corpus.**

Where the court a quo had jurisdiction of the subject matter and the parties, it had as a court of equity the right to grant an injunction, and if such injunction was improvidently granted, and not dissolved, this question could not be inquired into on habeas corpus proceedings.

**4.—Same—Right of Injunction—Excursion Ticket—Case Stated.**

Where upon habeas corpus it appears that no penal statute was involved; that certain railroads under an agreement had issued excursion tickets and marked the same non-transferable, and the sale of these by the relator was enjoined, and he was proceeded against and fined for contempt for violating this injunction, such injunction was held valid and the relator remanded to custody.

From Bexar County.

Original application for habeas corpus for release from a commitment for contempt for selling non-transferable railroad tickets in disobedience to an injunction issued by the district court.

The opinion states the case.

*William Aubrey, Lipscomb & Napier,* for relator.—On question of consenting and procuring parties to violate injunction: Holcombe v. Dupree, 50 Ga., 355; In re Arkenburgh, 38 N. Y. Supp., 178; Com. v. Ward, 5 Pa. Co. Ct., 479; James v. Mayrant, Harp. Eq. (S. C.), 180; Sparkman v. Higgins, Fed. Cas., No. 13209; Howard v. Durant, 91 Am. Dec., 767.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is a proceeding under an original writ of habeas corpus, granted by this court. It appears from the recitals, that the relator, Cash, was held by the sheriff of Bexar County, John W. Tobin, under a proceeding in contempt, issued out of the Thirty-seventh judicial district, Bexar County. Suit had been filed and

the injunction issued against said Cash and others, alleged ticket scalpers, prohibiting them from dealing in or selling certain non-transferable tickets, issued by the Galveston, Harrisburg & San Antonio Railroad Company. The suit was numbered 17,124, and was styled the Galveston, Harrisburg & San Antonio Railroad Company et al. v. W. J. Lytle et al. On an alleged violation of the writ of injunction said relator was brought before said district court on May 5, 1905, when the following order was made: "On this the 5th day of May, 1905, came on to be heard the affidavit and complaint against the defendant, H. H. Cash, for violation of the writ of injunction heretofore issued in this case, restraining and enjoining the said defendant and others from buying and selling, or dealing in certain railroad tickets issued over the lines of said plaintiffs, the return portion of which contained the word 'non-transferable,' or equivalent words; and the court having heard the evidence and the arguments of counsel, is of the opinion that the said H. H. Cash is guilty of the contempt of this court, and is therefore adjudged to pay a fine of $50. It is therefore ordered, adjudged and decreed by the court that the said H. H. Cash be and he is hereby adjudged in contempt of this court in violating said writ of injunction, and a fine of $50 is assessed against him, together with all costs of the proceeding against him, for which execution may issue, and the clerk of this court will issue a writ commanding the sheriff of Bexar County to take the said H. H. Cash into his custody and retain him in his custody until the payment of said fine of $50.

Relator alleges that said proceeding holding him in contempt is void, because the same does not adjudge the particular matter about which relator was in contempt of said injunction. And, furthermore, that it was not competent on the proof, for the court to have adjudged relator guilty of contempt, inasmuch as he sold the ticket in question to one E. T. Lancaster, who was the agent of the complainant, and that he did so at the suggestion of said Lancaster. That said application and invitation by the complainant's agent was such as vitiated the injunction; that is, it was tantamount to an agreement on the part of the complainant, that relator might sell the ticket.

In Ex parte Kearby, 35 Texas Crim. Rep., 634, it was held by this court, that the factum of contempt should be set out in the judgment. However, that was a case of contempt in the presence of the court. Here the matter is different. It is a contempt proceeding originating in a civil suit, and in accordance with the authorities, we understand the moving papers can be looked to, to help out some defect amounting to an irregularity in the judgment. Ex parte Smith, 40 Texas Crim. Rep., 179.

So, if it be conceded that the mere adjudication in the body of the order of the court for contempt for violating the injunction is not sufficient, the moving papers, as indicating the particular character of violation may be looked to, which in this case was the sale of a railroad ticket in violation of the order of the court.

The next proposition is, did the plaintiff in the suit, the railroad company, invite such violation of the injunction as to render it nugatory. The proof shows that the railroad company suspected the relator of violating the injunction and sent out an agent to ascertain the fact. Said agent bought one of the inhibited tickets from the relator. We do not believe this was such an invitation on the part of the company to relator to ignore the injunction as would render it incapable of enforcement. It seems that it was not treated as a matter over which the railroad company had any control. There was no judgment in favor of it; but merely the visitation of the judgment for contempt on the part of the court in violating its order on the subject. Relator cites a number of authorities, which he insists maintain his position. But it does not occur to us that any of them are in point. A number of cases hold, where the contempt charged is the result of the advice, direct or implied of complainant, this is a sufficient justification. 9 Ency. of Law & Proc., page 25. We do not regard the action of the agent here shown as in any degree persuading or inviting a violation of the injunction. The agent merely acted as the agent or detective to ascertain whether the injunction was being violated, and like others applied to the relator for the purchase of a ticket. His action was in the nature of a detective, our laws regarding theft do not render such a person an accomplice, unless such detective originates or brings about the crime. The rule laid down in 2 High on Injunc., sec. 1450, is, as follows: "But to deprive a party obtaining the writ of the right to move for the committal for its breach, on the ground of acquiescence therein, a strict showing of acquiescence must be made out. Thus where a defendant seeks to evade his liability for the breach of an injunction, restraining him from the use of plaintiff's trade mark, upon the ground of acquiescence, he must show such a degree of acquiescence as would suffice to create a new right in himself." Beyond this, however, in our opinion, this is a matter that does not concern us, but pertains to the jurisdiction of the district court granting the injunction, where such a motion might be entertained. The next question: was this a matter which the district judge was authorized, under any circumstances, to treat as a contempt? The court had jurisdiction of the subject matter and the parties, and as a court of equity had the right to grant injunctions. As was said in Ex parte Warfield, 40 Texas Crim. Rep., 413, the injunction may have been improvidently granted. That was a matter pertaining to the jurisdiction of the court which issued it, and not for inquiry here. The writ while in existence required the obedience of the relator. Instead of moving to dissolve it or taking legal steps against it, he violated the writ and was subjected by the court to a fine for contempt for such violation. See this matter discussed in Ex parte Warfield, supra; Ex parte Tinsley, 37 Texas Crim. Rep., 517; Ex parte Breeding, 14 Texas Ct. Rep., 572.

In Jannin v. State, 42 Texas Crim. Rep., 643, the case was reversed because it was held that it was not competent for the Legislature to

delegate the power to railroad companies to make the sale of certain tickets a penal offense. Here no penal statute is involved. It seems certain railroads, under some sort of agreement, issued railroad tickets on excursion rates and marked the same non-transferable. The sale of these was enjoined by the court, and for violating this injunction relator was proceeded against and fined for contempt. We understand an injunction against a sale of this character of ticket was held valid in W. J. Lytle et al. v. Galveston, Harrisburg & San Antonio Railroad Company et al. recently decided by the Supreme Court on certified questions from the Fourth Civil Supreme District. We accordingly hold that the relator is not entitled to be discharged, and he is accordingly remanded to the custody of the sheriff.

*Relator remanded.*