## EX PARTE ALFRED STEINHAUSER.

No. 19366.   Delivered October 20, 1937.

The opinion states the case.

*Moss & Moss*, of La Grange, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—On the first of May, 1935, appellant was indicted by the grand jury of Fayette County for the offense of unlawfully and wilfully deserting, neglecting, and refusing to provide for the support and maintenance of his then wife, Estella Steinhauser, and his minor child, A. C. Steinhauser, who was under sixteen years of age. On the 13th of May, 1935, the district attorney and appellant agreed that the case was to be continued as long as appellant would pay the sum of five dollars per week for support of his wife and child, and on the same date the district judge entered the following order:

"* * * And the defendant is here now ordered and directed to pay into the registry of the court, for the benefit of his wife, Estella Steinhauser, and his child, A. C. Steinhauser, the sum of five dollars, the first payment to be made on or before the twentieth day of May, 1935, and said cause is continued * * *."

About July 17, 1935, appellant's wife obtained a divorce; and, in entering judgment, the court made the following order:

"It is further ordered by the court that the defendant herein be and he is hereby required and ordered to pay plaintiff for the care and maintenance of the child A. C. Steinhauser, the

sum of ten dollars per month until he is sixteen years of age."

On May 19, 1937, after application had been filed to have appellant cited to show cause why he should not be held in contempt of court for not making the payments theretofore ordered, appellant was cited to appear and answer. On the 25th of May, 1937, he filed an answer in which he set up his inability to pay by reason of his poverty, his physical condition, inability to work, insufficient earning capacity, etc. Upon the hearing the district court entered an order finding appellant guilty of contempt and assessed his punishment at a fine of one hundred dollars, and ordered him to jail until he had paid said fine and costs and all past due installments.

Appellant, having been committed to jail, sought his release by way of habeas corpus. Upon a hearing of the writ before the judge of the Twenty-second Judicial District, appellant was remanded to custody. Hence this appeal.

The opinion is expressed that the uncontroverted testimony shows that appellant was not so situated that he could make the payments required by the order of the court. In short, his failure to comply with said orders appears not to have been wilful. Mrs. Steinhauser went no further in her testimony than to say that during part of the time she and appellant had been married he had hauled milk for the Spears Creamery Company and had made about seventy-five or eighty dollars a month. She said: "He hauled the milk about six months. It must have been about 1934 or 1932." She testified further that she did not know what his expenses were on the route and was unable to say whether he made any money above expenses. She said further: "I don't know whether Alfred Steinhauser, my former husband, has any money at all or not." Again she said: "I don't know whether my husband is able to help any or not, but I know that he is working every day."

Appellant testified that after the orders of the court were entered he had only been able to pay thirteen dollars toward the support of his child. He said: "I didn't pay anything because I didn't have it." He offered to testify that he suffered from double rupture; that he had on several occasions obtained employment only to be discharged because of his physical condition; that he had tried at various places to get work and had been refused work because of his physical condition; that he was uneducated; that during the time the orders of the court had been in effect he had only made ten dollars a month and that it required this amount to pay his living expenses; that he

would have complied with the orders of the court had he been able to do so.

Also, appellant offered the witness Kiesling who would have testified that he had bought the truck and milk route for appellant; that appellant had been unable to make more than ten dollars a month during the time he had been hauling milk; that appellant was uneducated; that he was unable to do manual labor because of his double rupture.

One of the county commissioners would have testified that on one occasion he had hired appellant to do manual labor but that, on account of his physical condition, appellant was unable to continue his work.

All of the foregoing testimony as to appellant's inability to comply with the order was admissible and should have been heard by the court below. Having been properly preserved in bills of exception, said testimony has been given consideration by this court.

The judgment is reversed, and appellant is ordered discharged.

*Judgment reversed, and appellant ordered discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.