Calixto GARZA, Appellant,

v.

Boynton H. FLEMING, Sheriff, Appellee.

No. 13451.

Court of Civil Appeals of Texas.

San Antonio.

March 11, 1959.

Rehearing Denied April 8, 1959.

Greenwood & Russell, John C. Myrick, Harlingen, for appellant.

Sharpe, Cunningham & Garza, Hector Yznaga, Brownsville, for appellee.

BARROW, Justice.

This is an appeal by Calixto Garza from the judgment of the District Court denying his application for writ of habeas corpus to secure his release from the custody of Boynton H. Fleming, Sheriff of Cameron County, Texas.

Appellant was defendant in Cause No. 33102–B, in the 138th District Court of Cameron County, styled Aparicia Juarez Garcia vs. Calixto Garza, a divorce proceeding. Said divorce suit resulted in a judgment granting plaintiff a divorce, disposing of the community property, and containing the following provisions with reference to the custody and support of the children, to wit:

"The Court further finds that Plaintiff and Defendant have had born to them as issue of their marriage, the following children: (Listing seven persons, not pertinent herein.)

"All of the before mentioned children being above the age of eighteen years; and the following minors:

"Calixto Garza, Jr., a male, 17 years of age, living with the Plaintiff;

"Felipe Garza, a male, 14 years of age, living with the Plaintiff; and

"David E. Garza, a male, 13 years of age, and living with the Plaintiff.

"The Court further finds that the Plaintiff is a proper and fit person to have the custody and control of the minor children of said marriage; and It Is Therefore Ordered, Adjudged And Decreed that the custody and control of Calixto Garza, Jr., a male, 17 years of age; Felipe Garza, a male, 14 years of age; and David E. Garza, a male, 13 years of age, be, and the same is hereby given to the Plaintiff, Aparicia Juarez Garza, until further orders of this Court; and that the Defendant, Calixto Garza, shall have the right of reasonable visitation of said minor children of said marriage.

"It further appearing to the Court, after investigation of the financial circumstances of Defendant, that the Defendant is well able to contribute to the support of said minor children of the marriage of Plaintiff and Defendant; It Is Therefore Ordered, Adjudged And Decreed By The Court that the said Calixto Garza, Defendant, shall pay to the Plaintiff herein, Aparicia Juarez Garza, the sum of One Hundred Dollars ($100.00) per month for the support of said minor children until David E. Garza shall reach his 18th birthday, or until further orders of the Court. The amount assessed against the Defendant for the support of the minor children as aforesaid may be paid semiannually. The first payment of Six Hundred Dollars ($600.00) shall be made on the 1st of November, 1956, and a like amount on the 1st of May, 1957; and like payments on the 1st days of November and May of each year thereafter."

Appellant elected to make the payments semi-annually, and made the $600 payments provided for in said decree until May 1, 1958, when he paid only $400. Aparicia Juarez Garza then filed a contempt proceeding in the original cause, seeking to have appellant held in contempt for failure to pay the additional $200. At the conclusion of the contempt hearing, the court adjudged appellant to be in contempt for failure to pay said $200 on May 1, 1958, and ordered the sheriff to restrain him of his liberty until he purged himself of the contempt by paying the additional $200, all

costs, and $1. The court made the further provision that in lieu of being restrained of his liberty he might pay the amounts forthwith. In connection with said contempt judgment, the court construed the original support order as follows:

"* * * the Court finds that the language and intendment of the judgment of March 19, 1956, requires and orders that Calixto Garza pay to Aparicia Juarez Garza the sum of $100.00 per month, or $600.00 every six months for the support and maintenance of the minor children, said payments to continue for the benefit of any minor or minors then in being, until David E. Garza attains the age of 18 years, and does not mean that the Defendant pay support for any child of the marriage over 18 years of age. The Court further finds that the said Calixto Garza elected to make the payments in the amount of $600.00 every six months, that is, payments of $600.00 each on the first of November and on the first of May of every year, in accordance with the judgment herein referred to, and the Court further finds that on May 1st, 1958, a payment of $600.00 was due and payable, but that the Defendant, in violation of the judgment of March 19, 1956, then and there persisting, and in full force and effect, paid only the sum of $400.00. The Court further finds that the said failure on the part of Calixto Garza to pay the sum of $600.00, puts him in contempt of this Court."

The judgment holding appellant in contempt was rendered on September 5, and signed on September 22, 1958. The appellant did not pay the $200.00 required to purge himself of contempt, and thereafter on November 13, 1958, by virtue of an attachment issued out of said court, the appellee Sheriff restrained appellant of his liberty. Thereafter, appellant made application to the court for a writ of habeas corpus, and upon the filing of said application the court permitted appellant to give bail pending the hearing. Upon said bail appellant was released.

On November 20, 1958, the court rendered judgment denying the writ of habeas corpus, and remanded the appellant to the custody of the Sheriff. This appeal is from that judgment.

Appellant relies for reversal on the following points:

First, he contends that the court erred in denying the writ of habeas corpus for the reason that the original judgment ordering him to make periodic payments for the support of his minor children is void, and, consequently, the order of the court holding him in contempt for failure to comply with said order is also void. Second, he contends that the original support order is ambiguous, and that he has complied with the only valid construction of the order. Third, that there was no evidence before the court and upon which said order of contempt was based, that he was able to pay the amount claimed to be due. Fourth, that the court erred in striking and refusing to consider evidence offered by appellant on the hearing of his application for habeas corpus, of the earnings of his minor children. Fifth, that he has complied with the trial court's interpretation of the order by making a reduced payment. Sixth, that he could not be held in contempt when acting upon an honest misinterpretation of the court's order.

██ Appellant's first contention is that the original support order is void. In arguing that point he says that the order is clear and unambiguous and requires him to make payments for the support of minors after they reach the age of eighteen years. The order is not void. At the time the order was made there were three minors under eighteen years of age. The court had authority to make an order requiring appellant to make periodic payments for their support, and to continue such order as long as there were children under that age. Art. 4639a, Vernon's Ann.

Civ.Stats. The order did not provide that he should pay one-third of the amount for the support of each of said children, but the total sum of $100 per month "for the support of said minor children." A habeas corpus proceeding directed against a judgment or order is a collateral and not a direct method of impeachment, and is available only in the event that the adjudication is absolutely void. In other words, the attack will prevail only when the record affirmatively reveals that the court which rendered the judgment had no jurisdiction. Ex parte McKay, 82 Tex.Cr.R. 221, 199 S.W. 637; Ex parte Morgan, 57 Tex.Cr.R. 551, 124 S.W. 99. Likewise, any attack made upon a judgment or order by one who is charged with contempt of court by reason of noncompliance therewith, is to be regarded as collateral, and is not sustainable unless the judgment or order is absolutely void. If the court had jurisdiction to render the order, the attack will fail. Lytle v. Galveston H. & S. A. R. Co., 41 Tex.Civ.App. 112, 90 S.W. 316; Ex parte Warfield, 40 Tex.Cr.R. 413, 50 S.W. 933; Ex parte Cash, 50 Tex.Cr.R. 623, 99 S.W. 1118, 9 L.R.A.,N.S., 304; 9 Tex.Jur. 593, 594; Freeman on Judgments, 5th Ed. Vol. 1, p. 625. One may question the order only insofar as he can show that it is void; he will not be heard to say that it is erroneous, however flagrant it may appear to be. Lytle v. Galveston H. & S. A. R. Co., supra. Thus, if the order be construed to mean that appellant was required to contribute to the support of the minors beyond their eighteenth birthday, it was erroneous to that extent, but that did not affect the court's jurisdiction to make the order.

■■ We have carefully examined the judgment in question and have reached the conclusion that it is ambiguous; that it is susceptible of the interpretation placed thereon by appellant, and that it is also susceptible of the interpretation placed thereon by the trial court in the judgment holding appellant in contempt. A reading of the judgment will reveal that the court used the term "minors" as referring to the children under eighteen years of age, and treated all the children above such age as not minors. The court then proceeded to order appellant to contribute a fixed amount for the "said minor children" until the youngest of them reached "his 18th birthday." The court was authorized under the statute to order the appellant to pay the $100.00 per month for the support of all three minors until the first reached the age of eighteen years, and to order the same amount paid for the support of two of them until the second reached such age, and then to order the same amount paid for the support of the third until he reached such age. There is one part of the judgment about which there can be no uncertainty or ambiguity, i.e., he was ordered to pay a fixed and certain amount at stated intervals as long as any minor was under eighteen years of age. Under the statute, the court retained jurisdiction, insofar as child support is concerned, until all of the children reached the age of eighteen years. If appellant had any doubt as to what was required of him thereunder, he has had since March 19, 1956, to have the matter cleared up to his satisfaction. In the early case of Edrington v. Pridham, 65 Tex. 612, the Supreme Court held that a decent respect for the authority of the court dictates the propriety of a reference to it for the solution of any real doubt as to the extent of the order, and for a party "to act upon a questionable and technical construction of the order * * * is rashly contemptuous." Moreover, it is settled that "If the judgment is ambiguous, application is made of familiar rules of construction, such as that effect will be given to reasonable intendments, that a writing will be made to harmonize with the facts, that the circumstances will be considered, and that a common-sense construction will be put on language as a whole." 25 Tex.Jur. 459, § 87. When the language is susceptible of two interpretations, from one of which it follows that the law has been correctly applied to the facts and from the other, that there has been an incorrect application, that construction will be adopted which up-

holds the judgment. Gough v. Jones, Tex. Comp.App., 212 S.W. 943; 25 Tex.Jur. 460, § 87.

■ Appellant's contention that there was no evidence introduced to show that he was able to pay the amount he was ordered to pay is overruled. It was appellant's burden to show his inability to comply with the order. Under Art. 4639a, Vernon's Ann.Civ.Stats., the trial court, at the time of making the original support order, had authority to and presumably did inquire into and determine the needs of the minors and the ability of appellant to pay. At any time after said order was made, appellant could have applied to the court for a change thereof. Appellant offered no evidence of inability to pay, either on the contempt hearing or the habeas corpus hearing. The statements of facts in both hearings are before this Court. In Ex parte Helms, 152 Tex. 480, 259 S.W.2d 184, 186, the Supreme Court, speaking through Justice Calvert, said:

"Undoubtedly involuntary inability to perform a judgment or comply with a court's order is a good defense in a contempt proceeding, and when the record shows inability to perform our courts will order a defendant released. Ex parte Steinhauser, 133 Tex.Cr.R. 166, 109 S.W.2d 485; Allen v. Woodward, 111 Tex. 457, 239 S.W. 602, 22 A.L.R. 1253; Ex parte Mabry, 122 Tex. 54, 52 S.W.2d 73; Ex parte De Wees, 146 Tex. 564, 210 S.W.2d 145. On the other hand, it is well established that a proceeding of this nature is a collateral attack on the contempt judgment and this court may order the contemner released only where the judgment is void because of lack of jurisdiction in the court to render it, or because the contemner was deprived of his liberty without due process of law which in itself involves a want of jurisdiction. This court has no jurisdiction in an original habeas corpus proceeding to weigh the evidence adduced in the contempt proceeding for the purpose of determining whether it preponderates against the judgment. Ex parte Lipscomb, 111 Tex. 409, 239 S.W. 1101; Ex parte Olson, 111 Tex. 601, 243 S.W. 773; Ex parte Westbrook, 126 Tex. 1, 84 S.W.2d 700; Ex parte Genecov, 143 Tex. 476, 186 S.W. 2d 225, 160 A.L.R. 1099, certiorari denied, Genecov v. State of Texas, 326 U.S. 733, 66 S.Ct. 41, 90 L.Ed. 436, rehearing denied, 326 U.S. 808, 66 S. Ct. 137, 90 L.Ed. 493; Ex parte Nix, 149 Tex. 267, 231 S.W.2d 411, certiorari denied 340 U.S. 840, 71 S.Ct. 28, 95 L.Ed. 616."

■ Appellant's point that the court erred in striking and refusing to consider as an offset the earnings of the minor children is overruled. Under ordinary circumstances parents are the owners of and entitled to the earnings of their minor children, but where parents are divorced and in the judgment the court, after considering the minors' needs, orders the parent to make regular contributions to their support, we know of no authority, and have been cited to none, which would authorize the parent to offset earnings of the minors against the required payments. Furthermore, appellant made no such contention in the contempt hearing, but for the first time offered such evidence in the habeas corpus hearing.

Finally, it appears from the record that appellant, after a hearing, was adjudged in contempt on September 5, 1958, and that he was given an opportunity to purge himself of such contempt by making the payment which he had theretofore failed to make, and was not attached and placed in jail until November 13, 1958. It, therefore, affirmatively appears that appellant was given ample opportunity to purge himself after a full and complete understanding of the original order.

The judgment of the trial court is affirmed.