**Marion T. CARSON, Independent Executor of the Estate of Julius B. Korus, Appellant,**

v.

**Mary Emma KORUS, Appellee.**

**No. 16159.**

Court of Civil Appeals of Texas, San Antonio.

Nov. 22, 1978.

Rehearing denied Jan. 10, 1979.

Eugene H. Lieck, Charles J. Lieck, Jr., San Antonio, for appellant.

Stewart & Hemmi, Kirk Patterson, B. F. Pennypacker, San Antonio, for appellee.

## OPINION

MURRAY, Justice.

Mary Emma Korus, appellee, sued to recover child support payments from Marion T. Carson, appellant and Independent Executor of the Estate of Julius B. Korus. Appellee and Julius B. Korus were divorced in December of 1976, and Mr. Korus paid the child support called for under the divorce decree and property settlement agreement until his death on June 1, 1978. Thereafter, appellant qualified as independent executor of the Estate of Julius B. Korus, but did not make further child support payments. The divorce decree and property settlement agreement required payments of $250 per month per child for each of the three children until they shall reach the age of 18.

On June 30, 1978, appellee filed a motion in the original divorce case to modify the divorce decree requesting that temporary orders be issued to require the appellant to pay child support in the amount of $750 per month. Appellee also requested that upon final hearing of this motion an order to require the estate to make such child support payments be entered. On August 18, 1978, the court ordered that appellant pay $2,250 arrearages in child support pending final hearing of the cause. Appellant prosecutes this appeal to attack this order.

Appellant contends that (1) the court is without jurisdiction to entertain this motion because the suit is one to enforce an alleged contract not within the court's continuing jurisdiction defined in Section 11.05(a)[1] of the Texas Family Code and that (2) the trial court erred in not requiring appellee to post a bond.

Section 11.05(a) provides as follows:

Except as provided in Subsections (b), (c), and (d) of this Section, when a court acquires jurisdiction of a suit affecting the parent-child relationship that court retains continuing jurisdiction of all matters provided for under this subtitle in connection with the child, and no other court has jurisdiction of a suit affecting the parent-child relationship with regard to that child except on transfer as provided in Section 11.06 of this Code.

Tex.Fam.Code Ann. § 11.05(a) (Vernon Supp.1978). In addition, Section 11.11(c) provides as follows:

In a suit under this subtitle the court may dispense with the necessity of a bond in connection with temporary orders in behalf of the child.

Tex.Fam.Code Ann., § 11.11(c) (Vernon Supp.1978).

The question is whether the present action is a "suit affecting the parent-child relationship" within Section 11.05. We conclude that it is not such a suit.

Sections 14.05(d) and 14.06(d) provide respectively:

---

1. All future references to statutory sections are to the Texas Family Code.

Unless otherwise agreed to in writing or expressly provided in the decree, provisions for the support of a child are terminated by the marriage of the child, the removal of the child's disabilities for general purposes, or the death of a parent obligated to support the child.

Terms of the agreement set forth in the decree may be enforced by all remedies available for enforcement of a judgment, including contempt, but are not enforceable as contract terms unless the agreement so provides.

Tex.Fam.Code Ann. §§ 14.05(d), 14.-06(d) (Vernon 1975).

Paragraph VI of the property settlement agreement provides that "[T]his agreement shall enure to the benefit of and be binding upon the heirs, assigns, executors, administrators, and personal representatives of the parties." Appellee contends that this written agreement binds the estate to continue child support payments.

The case of *Adwan v. Adwan*, 538 S.W.2d 192 (Tex.Civ.App.—Dallas 1976, no writ) is in point. In *Adwan*, the wife sued her former husband in a district court of Dallas County to enforce a property settlement agreement made between them at the time of their divorce. The husband contended that the trial court lacked jurisdiction of this suit under Section 11.05 of the Texas Family Code because the domestic relations court had acquired jurisdiction of the children in a subsequent suit to change custody and retained continuing jurisdiction to the exclusion of the district court with respect to any "suit affecting the parent-child relationship." In *Adwan*, the court stated:

The question is whether the present action in the district court is a 'suit affecting the parent-child relationship' within § 11.05. We conclude that it is not such a suit.

. . . . .

As we interpret this subsection [§ 14.-06(d)] in the light of the other provisions of Subtitle A, a suit to enforce the terms of a support agreement set forth in the decree by contempt proceedings or other remedies available for enforcement of a judgment must be 'brought under this subtitle' as a 'suit affecting the parent-child relationship,' but a suit to enforce the terms of such an agreement as contract terms is not one 'brought under this subtitle,' and, further, is not permitted unless the agreement provides that it may be enforced as a contract. *If the contract does so provide, the suit may be brought, but it must be brought under the common law rather than 'under this subtitle.'* The effect of § 14.06(d) is to exclude from the operation of the Code an action to enforce the provisions of a support agreement 'as contract terms' if the agreement provides that it may be so enforced. If such a suit is brought under the common law rather than under the Code, it is not a 'suit affecting the parent-child relationship' as defined in § 11.-01. Consequently, it is not within the 'continuing jurisdiction' provisions of § 11.05, which apply to a 'suit affecting the parent-child relationship.' (Emphasis added).

538 S.W.2d at 194.

We hold that a suit to enforce the terms of a property settlement agreement is not a "suit affecting the parent-child relationship."

In view of our holding that this is not a suit affecting the parent-child relationship, it follows that § 11.11(c) of the Code does not authorize the trial court to dispense with the necessity of a bond in connection with these temporary orders.

The temporary orders entered by the trial court are hereby dissolved.