Kay LaJuan FULLERTON, Appellant,

v.

Gary A. HOLLIMAN, Appellee.

No. 11–87–026–CV.

Court of Appeals of Texas,
Eastland.

April 30, 1987.

Rehearing Denied May 28, 1987.

Frank D. Scarborough and Allen Dozier, Glandon, Erwin, Scarborough, Baker & Choate, Abilene, for appellant.

Gary A. Holliman, Denton, for appellee.

OPINION

DICKENSON, Justice.

Kay LaJuan Fullerton sued her ex-husband, Gary A. Holliman, for contractual child support payments.[1] Following a non-jury trial, the trial court ordered that she take nothing by her suit and that he take nothing by his counterclaim. Kay LaJuan Fullerton appeals. We reverse and render.

---

1. On the same date this suit was filed in the 104th District Court of Taylor County, she filed a separate suit in the 326th District Court of Taylor County, seeking a modification of their decree of divorce to order her ex-husband to pay child support after their child's 18th birth-day until her graduation from high school four months later. The modification suit was dismissed by the trial court for want of jurisdiction, and that order was affirmed by this Court. *Fullerton v. Holliman,* 721 S.W.2d 478 (Tex.App. —Eastland 1986, writ dism'd).

The trial court made findings of fact and conclusions of law which are quoted in full as shown:

## FINDINGS OF FACT

1. On or about January 19, 1963, Plaintiff and Defendant were married.

2. On or about February 8, 1984, Plaintiff and Defendant executed a contract and agreement whereby Defendant agreed to make child support payments to Plaintiff for the support of their child, Paige Elaine Holliman evidenced by Plaintiff's exhibit 3.

3. The contract and agreement, evidenced as Plaintiff's exhibit 3, provided for monthly child support payments to be $600.00 per month following the sale of the house until the child in question reached the age of eighteen and it was the intent of the parties that Paige Elaine Holliman be supported by Gary A. Holliman until she has had an opportunity to finish high school, but that such support shall not, in any event, continue following her nineteenth birthday or graduation from high school, whichever occurs first.

4. Plaintiff and Defendant were divorced by decree of the 326th District Court in cause number 9703–C signed on the 1st day of March, 1984 by Judge Strauss.

5. The decree of divorce did not refer to or incorporate the provisions of the contract and agreement.

6. The contract and agreement contained no provision that it would survive the decree of divorce.

7. The child in question turned 18 on February 2, 1986.

8. The last child support payment by Defendant to Plaintiff was on or about January 15, 1986, and no other child support payments have been made by Defendant to Plaintiff.

9. The child in question graduated from high school before June 1, 1986.

10. The amount of unpaid child support for the child in question from her 18th birthday to her high school graduation is $2,400.00 due by Defendant to Plaintiff.

11. The reasonable and necessary attorney's fees incurred by Plaintiff in prosecuting this action is $976.50.

12. On the 18th day of February, 1986, Plaintiff filed a Motion to Modify in cause number 9703–C in the 326th District Court in and for Taylor County, Texas. Said motion was to modify the decree to extend the payment of child support to the child's graduation from high school.

13. Said Motion to Modify was heard by the 326th District Court of Taylor County, Texas, on the 12th day of March, 1986, and was denied as the Court no longer had jurisdiction of the child.

## CONCLUSIONS OF LAW

1. The divorce decree in cause number 9703–C signed on the 1st day of March, 1984, by Judge Henry Strauss supercedes any prior agreement or contract between the parties as a matter of law.

2. Since the contract and agreement contains no provision that the agreement will survive the divorce decree, the agreement does not survive the decree and as a matter of law Plaintiff cannot enforce the provisions of said contract and agreement.

3. But for conclusion of law numbers 1 and 2 above, Plaintiff would otherwise be entitled to a judgment in the amount of $2,400.00 plus attorney's fees of $976.50, interest and costs.

4. The relief sought by the Plaintiff should have been alternatively sought in the Plaintiff's Motion to Modify and therefore, this action is barred by the doctrine of res judicata.

Appellant presents four points of error, arguing that the trial court erred: (1) in holding that the divorce decree superceded the prior agreement or contract as a matter of law; (2) in holding that the agreement did not survive the divorce decree and is unenforceable as a matter of law; (3) in holding that the prior judgment in the companion case barred relief under the doctrine

of res judicata because the prior judgment was not final; and (4) in holding that the prior judgment in the companion case barred relief under the doctrine of res judicata because there was no trial on the merits in that case. Appellee presents one cross-point, arguing that the trial court erred in holding appellant would be entitled to judgment for the sum of $2,400.00 plus attorney's fees of $976.50, interest and costs [but for conclusions of law 1 and 2].

We sustain the first two points of error. Neither the agreement nor the decree of divorce states that the judgment supercedes the agreement. The agreement was not conditioned upon approval by the court. The paragraphs in the written agreement executed by the parties on February 8, 1984, prior to their divorce, read in full as shown:

## I.

That Gary A. Holliman, shall pay to Kay LaJuan Holliman, child support in the amount of $200.00 per month with the first payment being due and payable on the 15th day of March, 1984, said child support being for the support of Paige Elaine Holliman. Said payments shall continue in said amount until the property at Route 7, Box 114, Abilene, Texas, is sold.

## II.

The parties contract and agree that the property at Route 7, Box 114, Abilene, Texas, should be sold and have listed the conditions of sale in their decree of divorce.

## III.

That upon the sale of said property, Gary A. Holliman, shall pay to Kay La-Juan Holliman, child support in the amount of $600.00 per month with the first payment being due and payable on the 15th day of the month following closing of the sale of the property at Route 7, Box 114, Abilene, Texas. The sum of $600.00 per month for Paige Elaine Holliman shall continue until Paige Elaine Holliman reaches the age of eighteen (18) years or is otherwise emancipated. *It is the intent of the parties that Paige Elaine Holliman be supported by Gary A. Holliman, until she has had an opportunity to finish high school but that such support shall not, in any event, continue following her nineteenth (19) birthday or graduation from high school, whichever occurs first.* (Emphasis added)

The decree of divorce dated March 1, 1984, does not refer to the written child support agreement. The decree states that the parties have entered into an *oral agreement* containing provisions for conservatorship of the child, finds that the agreement is in the child's best interest, and appoints the mother as managing conservator and the father as possessory conservator, sets forth specific holiday visitation periods, orders the father to pay child support in the amount of $200 per month until the family home is sold [the home being occupied by the child and her mother until that time, with the father making the house payments], and orders the father to pay child support in the amount of $600 per month after the sale of the family home until the child "reaches the age of eighteen (18) years or is otherwise emancipated."

We hold that appellee is contractually obligated under the written agreement to pay child support for his daughter subsequent to her 18th birthday until her graduation from high school four months later. The decree of divorce does not provide for a cancellation of that obligation. The authorities cited by appellee do not support his contentions that the written support agreement was superceded by the judgment as a matter of law and that appellant cannot enforce the provisions of the written contract and agreement.

TEX.FAM.CODE ANN. sec. 14.-06(d) (Vernon 1986) is not applicable to the situation before us; the terms of the parties' written agreement were not set forth in the decree, and this statute only applies to: "Terms of the agreement *set forth in the decree.*" (Emphasis added) Since the written agreement was not set forth in the

decree, it could not have been enforced by contempt and other remedies in support of a judgment, but it remained enforceable under the law of contracts. *Dorshaw v. Dorshaw,* 635 S.W.2d 783 (Tex.App.—Corpus Christi 1982, no writ), concerned the trial court's power to modify its decree of divorce provisions relating to child support. In *Dorshaw* the written agreement of the parties had been incorporated into the decree, and the agreement did not provide for enforcement as a contract pursuant to Section 14.06(d), supra. Consequently, the trial court was not limited by the contract from adjusting the amount of the court-ordered child support payments. *Adwan v. Adwan,* 538 S.W.2d 192 at 195 (Tex.Civ. App.—Dallas 1976, no writ), held that a claim for contractual child support could be "maintained as a contract action based on the common law." We note that in *Adwan* the agreement's terms were set forth in the decree; therefore, Section 14.06(d) was applicable, and the agreement contained the language required by that statute for continued enforcement as contract terms. In the case before us, the decree referred to an oral agreement. It did not set forth the terms of the prior written agreement which had been executed and which was not conditioned upon approval by the trial court.

 The third point of error becomes moot and need not be discussed in light of our holding on point four. We sustain the fourth point of error. There was no trial on the merits in the companion case. That judgment was actually an order dismissing the motion to modify for want of jurisdiction. See, e.g., *Gracia v. RC Cola-7-Up Bottling Co.,* 667 S.W.2d 517 at 519 (Tex. 1984); *Texas Water Rights Commission v. Crow Iron Works,* 582 S.W.2d 768 at 771 (Tex.1979). These cases make it clear that the doctrine of res judicata does not apply to an order of dismissal for want of jurisdiction.

Appellee's cross-point is overruled. There is no statement of facts, and the trial court's findings of fact support appellant's recovery. Appellee failed to request supplemental findings.

The judgment of the trial court is reversed, and this Court renders judgment that Kay LaJuan Fullerton recover judgment from Gary A. Holliman in the sum of $2,400.00 plus attorney's fees of $976.50, court costs and interest from the date due on each item of recovery at the rate of 10% per annum until paid.

ARNOT, J., not participating.