Roger Elliot LAMBOURN, Appellant,

v.

Nancy Willis LAMBOURN, Appellee.

No. B14–88–00902–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 15, 1990.

Rehearing Denied April 19, 1990.

Angelo Parrish, Houston, for appellant.

John A. Graml, Houston, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

OPINION

SEARS, Justice.

This an appeal from a divorce proceeding. Roger Lambourn (Appellant) and Nancy Lambourn (Appellee) were divorced in December, 1984. The district court entered a final decree of divorce, incorporating by reference an agreement incident to divorce. The decree required each party to purchase and maintain a life insurance policy for the benefit of their minor child until he reached twenty-two. Appellant failed to provide proof of insurance to appellee. Appellee filed a motion for enforcement and clarification of the original decree. The district court granted appellee's motion, ordered both parties to offer proof of coverage annually, and ordered appellant to pay $4500.00 to appellee for attorney fees incurred in the enforcement proceeding. In two points of error, appellant contends the district court erred by granting appellee's motion and contends the court abused its discretion by awarding appellee attorney fees. We reverse the order of the district court.

■■■ In his first point of error, appellant contends the district court erred by granting appellee's motion for enforcement. We agree. A court of continuing jurisdiction has no authority *to order or to enforce support* for a non-disabled child over eighteen. TEX.FAM.CODE ANN. § 14.05 (Vernon Supp.1989); *Elfeldt v. Elfeldt,* 730 S.W.2d 657, 658 (Tex.1987). Accordingly, the district court was without authority to *order* appellant to maintain life insurance for the benefit of the child until the child reached age twenty-two. The dissent concludes that the district court's order is at most voidable, relying on *Garza v. Fleming,* 323 S.W.2d 152, 155, (Tex.Civ.App.—San Antonio 1959, writ ref'd n.r.e.). In *Garza* the trial court ordered appellant to pay $100.00 per month for the support of "the minor children" until the youngest

child reached age eighteen. Because the *Garza* order did not require appellant to pay support for any child over the age of eighteen, the appellate court correctly refused to find the trial court's order void. Thus, *Garza* is factually distinguishable from the order in this case and does not support the dissent's conclusion.

■■ Appellee contends the parties contracted to provide the coverage and contends the agreement is enforceable under § 14.06 of the family code. We disagree. TEX.FAM.CODE ANN. § 14.06 provides:

(d) Terms of the agreement set forth in the decree may be enforced by all remedies available for enforcement of a judgment, including contempt, but are not enforceable as contract terms *unless the agreement so provides.*

(Vernon 1986) (emphasis added). Section 14.06(d) clearly requires that the parties to an agreement concerning the support of a non-disabled child over eighteen must expressly provide in the order incorporating the agreement that its terms are enforceable as contract terms for that remedy to be available. Assuming an agreement existed, we cannot find a provision in the decree allowing enforcement of the agreement as a contract. Moreover, even assuming the agreement provided for enforcement as a contract, appellee's only remedy would be a common law breach of contract action, not a motion for enforcement. *Adwan v. Adwan,* 538 S.W.2d 192, 195 (Tex.Civ.App.—Dallas 1976, no writ); *Carson v. Korus,* 575 S.W.2d 326, 328 (Tex.Civ.App.—San Antonio 1978, no writ). *See also Fullerton v. Holliman,* 730 S.W.2d 168, 170–71, (Tex.App.—Eastland 1987, writ ref'd n.r.e.) (holding that where the written agreement is not set forth in the decree, the agreement remains enforceable *only* as a contract). Accordingly, we reverse the order of the district court and we render judgment for appellant.

Appellee brings two counter points charging appellant with filing a frivolous appeal. Appellee seeks attorney fees and sanctions. We overrule both cross points.

ROBERTSON, Justice, dissenting.

With all due respect, I believe the majority opinion fails to address the issue presented and, in fact, goes well beyond what is necessary to decide this case. I, therefore, respectfully dissent.

The original divorce decree in this case was signed December 14, 1984, and incorporated by reference an agreement incident to divorce. The portion of the agreement incident to divorce which is the basis for this proceeding is a requirement that appellant provide a $250,000 life insurance policy naming the only child of the parties, who was 4 years old at the time the parties signed the agreement, as beneficiary and appellee as trustee to receive the benefits. Further, the agreement required appellee to provide a $100,000 life insurance policy, again naming the child as beneficiary, with appellant as trustee to receive the benefits. Concerning this agreement, appellant testified, in response to his attorney's question:

Q. At the time of your negotiating the settlement of this divorce decree, did you discuss the insurance provisions?

A. Yes, we did.

Q. Was it a very detailed discussion?

A. No.

Q. Last minute one?

A. No. It was literally at the midnight or twelfth hour and it was kind of if you'll give in here, we'll give in here, would you provide $250,000 if she provides one hundred. And at that point after arguing over things for three hours I said, fine, I'll do it.

The decretal portion of the divorce judgment concerning the life insurance agreement provided:

It is further ORDERED, ADJUDGED AND DECREED that Roger Elliot Lambourn will maintain life insurance, with net death benefits of Two Hundred Fifty Thousand Dollars ($250,000.00) for Robin Richard Lambourn, until said child attains the age of twenty-two (22) years or dies. Roger Elliot Lambourn shall designate and name Nancy Willis Lambourn as Trustee to receive said death benefits on behalf of Robin Richard Lambourn until said child attains the age of twenty-two (22) years.

It is further ORDERED that Nancy Willis Lambourn will maintain life insurance, with net death benefits of One Hundred Thousand Dollars ($100,000.00) for Robin Richard Lambourn, until said child attains the age of twenty-two (22) years or dies. Nancy Willis Lambourn shall designate and name Roger E. Lambourn as Trustee to receive said death benefits on behalf of Robin Richard Lambourn until said child attains the age of twenty-two (22) years.

It is further ORDERED that both parties herein shall be furnished such proof as they may require to ascertain that the policies are maintained in full force and effect, including but not limited to, proof of premium payments and releases to secure information from the insurance company or carrier.

The obvious problem with the provision of the decree providing for such insurance was that it did not provide for a date of compliance. The evidence shows that one week following the divorce decree, appellee requested appellant to provide proof of the $250,000 insurance policy. These requests by appellee continued for almost two years, during which time appellant never provided such proof, but instead made various proposals in lieu of the $250,000 policy.

Finally, on October 31, 1986, appellee filed a "Motion For Enforcement and Clarification of Prior Order" requesting that the court order appellant to maintain the life insurance and that the court specify "[A]n exact time and place for proving this to be done." Further, appellee sought reasonable attorney's fees. Appellant filed an answer acknowledging that even though there was no specific date set forth in the decree for providing the insurance coverage, "there never was a time when [the child] would not have received at least $250,000 upon the death of [appellant]," and that "this was clearly the intent of the provisions of the Divorce Decree and that while he may not have been in technical compliance insofar as maintaining life insurance, that he was always in compliance

with the intent of the provision...." Appellant further alleged in his answer that "prior to [appellee's] motion [for enforcement and clarification] being filed, there was in place insurance in the sum of $150,000. The additional sum of $100,000 was applied for on October 20, 1986" and such application was approved on October 28, 1986. While appellant amended his answer on three occasions, the amendments do not change appellant's basic contention. Appellee also amended her motion for enforcement and clarification, but continued to seek nothing except (1) an order of the court that appellant comply with the original divorce decree and that the court order, "upon final hearing, a specified method and means for [appellant] to produce, on an annual basis, verification in an acceptable form, that he has in fact complied with his insurance obligation and is not doing anything less than that," and (2) attorney's fees. In sum, appellee did not request contempt or any other enforcement action against appellant.

When the matter came on for trial, appellee presented evidence of appellant's noncompliance and appellant acknowledged he had not complied. During his testimony, appellant, at one point, answered that although appellee had asked him "six, eight, nine, ten times probably" in writing to provide proof of the insurance coverage, he had not done so because "there was no time deadline in the divorce decree that said within one week or six months that I had to do it." Further, during his testimony, he twice stated that he had "no problem" with or "no objection" to providing proof on an annual basis that he had the required insurance in effect.

Following the close of the testimony, the trial court signed an "Order on Motion for Enforcement and Clarification of Prior Order" which, in pertinent part provided:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Respondent, ROGER ELLIOT LAMBOURN, will maintain life insurance, with net death benefits of Two Hundred Fifty Thousand Dollars (250,000.00) for the parties' minor child, Robin Richard Lambourn, until said child attains the age of twenty-two (22) years or dies.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that ROGER ELLIOT LAMBOURN shall designate and name NANCY WILLIS LAMBOURN as Trustee to receive said death benefits on behalf of Robin Richard Lambourn until said child attains the age of twenty-two (22) years.

IT IS ORDERED, ADJUDGED AND DECREED that Petitioner, NANCY WILLIS LAMBOURN GRAML, will maintain life insurance, with net death benefits of One Hundred Thousand Dollars ($100,000.00) for the parties' minor child, Robin Richard Lambourn, until said child attains the age of twenty-two (22) years or dies.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that NANCY WILLIS LAMBOURN GRAML shall designate and name ROGER ELLIOT LAMBOURN as Trustee to receive said death benefits on behalf of Robin Richard Lambourn until said child attains the age of twenty-two (22) years.

IT IS ORDERED, ADJUDGED AND DECREED that both parties herein shall each furnish to the other party, sufficient proof that said insurance policies are maintained in full force and effect, including, but not limited to, certificates of insurance and/or, proof of premium payments and any releases requested by either party to secure information from the insurance company or carrier regarding compliance as to this provision. Such proof to be delivered to the other party on or before December 14th of each and every year, beginning December 14, 1988, until the parties' minor child attains the age of twenty-two (22) years or dies.

Other than awarding appellee a portion of her requested attorney's fees, *the order provided no further relief to appellee or sanctions against appellant.*

On this record, the majority reverses and renders judgment for appellant because (1) the court had no authority "to order or to enforce support for a non-disabled child

over age eighteen", and (2) "appellee's only cause of action would have been to bring suit for breach of contract." I disagree.

First, it should be pointed out that the agreement incident to divorce is not contained in the record. Second, findings of fact were neither requested nor filed. Therefore, we are bound to uphold the order of the trial court if it can be supported by any conceivable theory.

The majority states that the trial court had no authority "to order or to enforce support for a non-disabled child over age eighteen." Initially, there is no dispute in the evidence that the parties, as a part of the agreement incident to divorce, agreed to provide insurance until the child reached 22 years of age. The court certainly could, and did, include this agreement in his decree. Second, the court did not, by his clarification order, *enforce* support for a child over the age of eighteen. He merely set an annual date by which proof of insurance must be provided to the other parent. In this connection, the majority, while not so stating, seems to intimate that an order for support of a non-disabled child past his eighteenth birthday is void. This simply is not true. At the most, such order is voidable only, and, as such, is enforceable until the child reaches the age of eighteen. *Garza v. Fleming*, 323 S.W.2d 152, 155 (Tex.Civ.App.—San Antonio 1959, writ ref'd n.r.e.). An order containing an erroneous provision which orders support past the age of 18 is nonetheless enforceable until the child *reaches* the age of 18. *Id.* at 156. There is no question in the instant case that the child involved was well below the age of 18.

Next, the majority states appellee was relegated to an action for breach of contract to enforce the agreement. Again, the court did not *enforce the agreement*—he merely reiterated the terms of the agreement, as recited in the original divorce decree, and ordered an annual date for *proof of compliance*.

There is no basis in law or fact for a reversal of this clarification order. Further, appellee raised a cross-point seeking damages for a frivolous appeal. We

should affirm the order of the trial court and assess damages against appellant for a frivolous appeal. Because the majority refuses to do so, I dissent.