**Reverse and Render; Opinion Filed July 26, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-16-00475-CV

## IN THE INTEREST OF B.M.Y. AND J.M.Y., CHILDREN

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-98-16446-T**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Evans
Opinion by Justice Evans

Appellant G.J.Y. (Father) appeals the judgment which awarded appellee J.B.Y. (Mother) post-majority expenses of their child. Father contends that the trial court abused its discretion by awarding post-majority expenses without statutory authority or jurisdiction to do so. Father also makes two alternative arguments: (1) the trial court abused its discretion by awarding a judgment for post-majority expenses without sufficient evidence and (2) Mother failed to prove all the conditions precedent were met to recover the post-majority expenses. We reverse and render judgment in favor of Father as to the enforcement of post-majority expenses.

### BACKGROUND

On November 30, 1998, Mother and Father entered into an Agreed Final Decree of Divorce and Suit Affecting Parent-Child Relationship (Decree). The Decree contains the following provision entitled "College Education":

> IT IS ORDERED, ADJUDGED, AND DECREED that [Father] shall pay 60% of the expenses required for enrollment and attendance of each of the children as a student at a public or private college, university, or graduate school for so long as a child remains enrolled in a course of study leading to an undergraduate or graduate decree. Expenses shall include tuition, books, room and board, and all incidental fees. [Father] shall make his 60% payments either by paying the school directly or by reimbursing [Mother] for any payments made over and above her 40% share.

The "College Education" section is an independent section and is not part of either the support or the property distribution sections. Mother and Father each signed the decree and elsewhere it provided that they contractually agreed to all of its provisions.

On February 3, 2015, Mother filed a motion to enforce the child support order seeking reimbursement for medical expenses, health insurance premiums, and college expenses. Mother subsequently filed several amended motions.

Father filed an answer on April 9, 2015 and an amended answer on June 8, 2015. In the amended answer, Father asserted that Mother was not entitled to post-majority support because she did not ask for contractual relief and cited this Court's opinion, *In re W.R.B.*, No. 05-12000776-CV, 2014 WL 1008222 (Tex. App.—Dallas Feb. 20, 2014, pet. denied). At the enforcement hearing on January 8, 2016, Father objected frequently on the basis stated in his answer: that the only relief sought was enforcement not breach of contract which was the only relief possible under applicable law based on the text of this decree. The trial court granted Father a running objection on that matter and Mother complained about the number of times Father objected on that basis.

Following the hearing, the trial court granted Mother's motion. On March 31, 2016, the trial court signed an order awarding Mother $41,358.63 for college tuition and $1,492.74 for books and supplies and room and board, plus interest at the rate of 5% from the date of the judgment.

Father then timely filed his appeal.

**A.     Statutory Authority**

In his first issue, Father contends that the trial court abused its discretion by awarding post-majority expenses without statutory authority or jurisdiction to do so.  We agree the trial court is without statutory authority to award post-majority expenses by enforcement of this decree.

### 1)     Standard of review

Most appealable issues in a family law case, including a trial court's award of arrearages, are evaluated under an abuse of discretion standard.  *See In re W.R.B.*, 2014 WL 1008222, at *2.  A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or when it acts without reference to any guiding principles.  *In re E.A.C.*, 162 S.W.3d 438, 441 (Tex. App.—Dallas 2005, no pet.).

In family law cases, the abuse of discretion standard overlaps with the traditional sufficiency standards of review.  *See In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.).  As a result, insufficiency of the evidence is not an independent ground for asserting error, but is a relevant factor in assessing whether the trial court abused its discretion.  *See Day v. Day*, 452 S.W.3d 430, 433 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).  Because of this overlap between the abuse of discretion and sufficiency of the evidence standards of review, the courts engage in a two-pronged approach to determine whether the trial court (1) had sufficient information on which to exercise its discretion and (2) erred in its application of that discretion.  *Id.*

### 2)     Analysis

A court may order either or both parents to support a child only until the child is eighteen years of age or has graduated from high school, whichever occurs later.  TEX. FAM. CODE ANN.

§ 154.001(a)(1) (West 2014). While the family code prohibits court-ordered child support once a child reaches the age of majority, the parties may agree to continued support of a child over eighteen years of age. *See Burtch v. Burtch*, 972 S.W.2d 882, 886 (Tex. App.—Austin 1998, no pet.) ("Absent a contractual agreement, there is no basis for a court to enforce child support for children who have graduated from high school and are over the age of eighteen.").

Here, the parties entered into a Decree, which they agreed was a contract. *See Seabourne v. Seabourne*, 493 S.W.3d 222, 228 (Tex. App.—Texarkana 2016, no pet.). Mother did not attempt to enforce the Decree as a contract because she argued that the trial court had authority under the Texas Family Code to enforce the Decree and award Mother a money judgment. *See* TEX. FAM. CODE ANN. §§ 9.001 (West Supp. 2016) (enforcement of decree); 9.006(a) (West Supp. 2016) (enforcement of division of property); 9.010 (reduction to money judgment) (West 2006). The Texas Supreme Court, however, has stated that the "obvious purpose" of these code sections is to provide an expeditious procedure for enforcing property divisions. *See Brown v. Fullenweider*, 52 S.W.3d 169, 170–71 (Tex. 2001) ("[T]he obvious purpose of former sections 3.70–.77 of the Family Code, currently sections 9.001–.014, was to provide an expeditious procedure for enforcing and clarifying property divisions in divorce decrees."). However, Mother did not bring this action to enforce or clarify a property division. Instead, Mother seeks reimbursement for post-majority expenses which were not included as part of the property distribution section.

Mother fails to cite, nor have we located any, case law which permits a party to seek reimbursement for post-majority expenses pursuant to the enforcement provisions in sections 9.001 to 9.014. Thus, we decline to do so here. Instead, we note that in prior cases a breach of contract claim is the proper vehicle by which a party may seek reimbursement of post-majority expenses. *See Bartlett v. Bartlett*, 465 S.W.3d 745, 751 (Tex. App.—Houston [14th Dist.] 2015,

–4–

no pet.) (post-majority college-expense provision not for child support and is enforceable by contract); *In re W.R.B.*, 2014 WL 1008222, at \*4 (trial court had no authority to order reimbursement for post-majority support because mother failed to seek contractual relief); *Lambourn v. Lambourn*, 787 S.W.2d 431, 432 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (even if agreement incident to divorce provided for enforcement as contract, mother's only remedy for father's failure to maintain post-majority life insurance for the benefit of the child until he reached age 22 would be a common-law breach of contract action, not a motion for enforcement). Therefore, as Mother failed to seek contractual relief for the post-majority support issue, the trial court had no authority to order reimbursement of post-majority support. *See In re W.R.B.*, 2014 WL 1008222, at \*4.

Mother also argues that the Decree's language allowed Mother and Father to enforce their agreement either by contract or ordinary process of law. Mother specifically argues that she elected to move for enforcement based upon the Decree's "decretal language":

> Without affecting the finality of this Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify or enforce this Decree.

This clause, however, does not add any jurisdiction to that which the trial court already possessed because a trial court always has jurisdiction to clarify and enforce its judgments. *See Allen v. Allen*, 717 S.W.2d 311, 312 (Tex. 1986); *see also, Jobe v. Lapidus*, 874 S.W.2d 764, 767 (Tex. App.—Dallas 1994, writ denied). Mother fails to cite any case law in support of her assertion that this general language remedies her failure to file a breach of contract action. Accordingly, we find this argument unpersuasive.

Finally, Mother argues that she was not required to use "magic words" and that her motion should be construed as pleading a breach of contract cause of action if that is the only way for her to recover. Mother essentially argues that there is no substantive difference between an enforcement action and a breach of contract claim. We disagree. Father filed an amended

–5–

answer more than six months before trial in which he asserted that Mother was not entitled to post-majority support because she did not ask for contractual relief. In his pleading, Father even cited *In re W.R.B.*, 2014 WL 1008222 which we followed in our disposition of Mother's issue. In addition, Mother asserted at the final hearing that she had not pleaded breach of contract and only sought an enforcement action.[1] Accordingly, we find no merit in this argument.

Accordingly, the trial court erred in awarding Mother reimbursement expenses and we sustain Father's first issue.

## CONCLUSION

As we conclude that the trial court abused its discretion in awarding Mother post-majority expenses when it lacked statutory authority to do so by enforcement of this decree, we need not address Father's alternative arguments that the trial court abused its discretion by awarding a judgment for post-majority expenses without sufficient evidence or that Mother failed to prove all the conditions precedent were met to recover the post-majority expenses. We reverse and render judgment in favor of Father that Mother take nothing by her motion for enforcement regarding the award of post-majority expenses of $41,358.63 for college tuition and $1,492.74 for books, supplies, room and board. In all other respects the judgment is affirmed.

160475F.P05

/David W. Evans/
DAVID EVANS
JUSTICE

---

[1] At the motion for enforcement hearing, Mother's attorney made the following statements: (1) "Your Honor, I understand [Father's attorney's] position because he's told us 47 times, but I am not pursuing this as a contract, I am pursuing this as an order of the Court." and (2) "I have said probably eight times today that I did not file a breach of contract."



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF B.M.Y. AND
J.M.Y., CHILDREN

No. 05-16-00475-CV

On Appeal from the 301st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-98-16446-T.
Opinion delivered by Justice Evans.
Justices Bridges and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** in favor of appellant Gregory Joseph Yeargan that appellee Jennifer Bane Yeargan take nothing by her motion for enforcement regarding the award of post-majority expenses of $41,358.63 for college tuition and $1,492.74 for books, supplies, room and board. In all other respects the judgment is **AFFIRMED**.

It is **ORDERED** that appellant Gregory Joseph Yeargan recover his costs of this appeal from appellee Jennifer Bane Yeargan.

Judgment entered this 26th day of July, 2017.